**UNITED STATES of America**

v.

**Eric Lamont AIKEN**

**Crim. No. 91–1243–P.**

United States District Court,
D. Maryland.

Oct. 3, 1991.

Andrew White, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, Senior District Judge.

Presently facing this Court is what appears to be an issue of first impression in the Fourth Circuit. Defendant in this case is charged by way of a Criminal Complaint and Affidavit with the offenses of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) (in this case a sawed-off shotgun), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On Friday, September 27, 1991, a detention hearing was held in this case before United States Magistrate Judge Paul M. Rosenberg. Judge Rosenberg ordered a detention hearing in this case because, in his opinion, Mr. Aiken was charged with a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A). Defendant has filed a Motion for Revocation of Detention Order contending that, as a matter of law, Mr. Aiken has not been charged with a crime of violence. The issue facing this Court is whether the crimes Mr. Aiken is charged with, namely a felon in possession offense under 18 U.S.C. § 922(g)(1) or a possession of an unregistered firearm offense in violation of 26 U.S.C. § 5861(d), constitute "crimes of violence" as defined by 18 U.S.C. § 3142(f)(1)(A). On October 2, 1991 at 4:00 p.m. this Court heard oral argument on this issue and is now prepared to rule.

■ The parties do not dispute that this is a case of first impression in the Fourth Circuit. As a starting point for its analysis, the Court will begin with the one Fourth Circuit opinion that does control this case. In *United States v. Thompson,*

891 F.2d 507 (4th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990), the Court of Appeals for the Fourth Circuit examined whether pointing a firearm at an individual constituted a "crime of violence" under the Sentencing Guidelines. 18 U.S.C. § 16(b) defines a crime of violence as "any other offense that is a felony and that, *by its nature,* involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (emphasis added). The majority in *Thompson* read the qualifying language "by its nature" as requiring courts to look solely to the "intrinsic nature" of the offense and not the accompanying acts of physical force committed by the defendant. *Thompson,* 891 F.2d at 509; *see also id.* at 511 (Phillips, J., concurring). In *Thompson,* the court determined that, under South Carolina law, pointing a firearm at a person is an offense that "by its nature, involves a substantial risk that physical force" will be used against another. *Id.* at 509.

This Court notes that the holding and rationale in *Thompson* is based entirely on that court's reading of the qualifying language found in 18 U.S.C. § 16(b). The statute before the Court in the instant case contains the identical qualifying language. 18 U.S.C. § 3142(f) states that a judicial hearing shall be held "to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—(1) upon motion of the attorney for the government, in a case that involves—(A) a crime of violence." 18 U.S.C. § 3156(a)(4)(B) defines the term "crime of violence" using the same language as section 16(b).

This Court is led to believe, therefore, that the Court of Appeals for the Fourth Circuit would hold that this court is constrained by section 3142(f)(1)(A) to examine only the intrinsic nature of the offenses and not the actual conduct of the individual. The Court finds, however, that despite this restriction, the offenses with which the defendant has been charged constitute "crimes of violence." The Court finds the reasoning in a recent opinion from the Court of Appeals for the Ninth Circuit, *United States v. Dunn,* 935 F.2d 1053 (9th Cir.1991) persuasive. In *Dunn,* as in the instant case, the defendant was convicted under 18 U.S.C. § 922(g) (felon in possession) and 26 U.S.C. § 5861(d) (possession of an unregistered firearm—sawed-off shotgun). There, the court was again interpreting the language of 18 U.S.C. § 16(b) and found as a matter of law that possession of an unregistered firearm " 'by its nature' involves a substantial risk of physical force against persons or property" and therefore satisfies the requirements of the statute. *Id.* at 1059.

The court in *Dunn* observed that not all firearms must be registered, only those that Congress has found to be "inherently dangerous and generally lacking usefulness, except for violent and criminal purposes, such as sawed-off shotguns...." *Id.* (citing 26 U.S.C. § 5845). The court supported the reasoning of the District Court for the Eastern District of Michigan in *United States v. Johnson,* 704 F.Supp. 1398, 1401 (E.D.Mich.1988) that a felon in possession of a firearm, like an individual in unlawful possession of an unregistered firearm, involves a substantial risk of improper physical force under § 16(b), partly because of the blatant disregard for law displayed by that previously-convicted criminal. *See Dunn,* 935 F.2d at 1059; *see also United States v. O'Neal,* 910 F.2d 663, 667 (9th Cir.1990) ("The history of the firearms laws reveals the strong congressional conviction that an armed felon poses a substantial threat to all members of society."); *United States v. Jones,* 651 F.Supp. 1309, 1310 (E.D.Mich.1987) ("It follows that persons who violate the statute [forbidding felons from possessing firearms] are often persons who have little regard for the law and many of such persons may fairly be classified as outlaws.").

This Court is also concerned that there is an increased risk that a criminally-inclined individual will be more likely to use a firearm already in his possession to commit

another crime. Possession of a firearm is an ongoing crime; it is a status offense. A felon who has access to a firearm during a period of time may be more inclined to use it and, when he does, the consequences are greater than they would be if he did not have access to such a weapon. Several courts in other districts that have considered this issue share this concern. *See United States v. Phillips,* 732 F.Supp. 255, 262 (D.Mass.1990) ("[P]ossession of a firearm is an on-going offense, and may lead to use of the firearm."); *Jones,* 651 F.Supp. at 1310 ("[I]t is a matter of common knowledge and overriding public concern that convicted felons are far more likely to commit additional felonies [than] are the other members of the public."). The Court believes that possession of a firearm by a felon "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of the possession."

The defendant's citation of *United States v. Chapple,* 942 F.2d 439 (7th Cir. 1991) does not dissuade the Court from its opinion. In *Chapple,* the Court of Appeals for the Seventh Circuit determined that mere possession of a firearm, with no additional overt action by the defendant, is not a crime of violence. There, the court placed considerable importance on the fact that, when arrested, the defendant was not displaying or brandishing the weapon but had merely tucked it in the waistband of his pants. *Id.* at 440. This holding is clearly based on the underlying facts presented to the court, a basis *Thompson* teaches us may not be used in the Fourth Circuit. The Seventh Circuit was not limited, as courts in the Fourth Circuit are, to examine only the intrinsic nature of the offense and not the actual conduct of the individual. *Id.* at 441 ("The general rule is that possession of a weapon *plus some overt action implying or indicating its use* is a crime of violence.") (emphasis added). The Court in *Chapple* was careful to indicate that its determinations were extremely fact-specific: "A prior conviction involving any overt action by a defendant pointing a weapon, drawing a weapon, openly displaying a weapon, brandishing a

weapon, holding a weapon, gesturing towards a weapon, or any act other than mere passive possession, would cross [the] line and present a sufficient potential for physical injury to constitute a crime of violence." *Id.* at 442. In oral argument, counsel for Mr. Aiken readily conceded that if a fact-specific analysis, such as was employed in *Chapple,* were permitted by this Court, there would be no doubt that Mr. Aiken had indeed committed a crime of violence.

Therefore, the Court finds as a matter of law that possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) constitute "crimes of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A).

Accordingly, it is this 3rd day of October, 1991, by the United States District Court for the District of Maryland,

ORDERED:

that defendants Motion for Revocation of Detention Order be, and hereby is, *Denied.*