907 F.Supp. 476 (1995)
UNITED STATES of America,
v.
David L. WASHINGTON, Defendant.
Cr. No. 95-223 (TFH).
United States District Court, District of Columbia.
November 16, 1995.
*477 *478 William Sullivan, Assistant United States Attorney, Washington, DC, for U.S.
Christopher M. Davis, Davis & Davis, Washington, DC, for Defendant.

MEMORANDUM OPINION
THOMAS F. HOGAN, District Judge.
Pending before the Court is defendant David L. Washington's Motion For Revocation of Detention Order by Magistrate. This case comes to this Court following the determination by Magistrate Judge Kay that defendant's pretrial release would constitute an unreasonable risk of danger to the community and risk of flight. The defendant now seeks review of that Order. After careful consideration of the arguments presented by counsel as well as the evidence presented at the hearing and in the record, for the reasons set forth below, the Court will deny the defendant's motion.

I. Background
On August 22, 1995, police acting on information provided by a "concerned citizen," stopped defendant to determine if, as they had been told, the defendant was carrying a gun. The defendant had previously been convicted of, among other things, robbery a felony with a term of imprisonment in excess of one year. When the police searched the defendant, they discovered a Lorcin model L-9 9mm semi-automatic pistol in the waistband area of his blue shorts.
Defendant appeared before Magistrate Judge Kay on August 23, 1995, at which time a preliminary hearing and a detention hearing were scheduled. The government had moved for pretrial detention on the basis that possession of a firearm by a convicted felon is a crime of violence.[1] On August 25, 1995, the defendant again appeared before the Magistrate Judge, at which time a hearing on both issues was conducted. On August 31, 1995, the defendant was formally charged in a five count indictment with a number of weapons charges, including unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). On September 1, 1995, the Magistrate Judge issued a written opinion finding first, that there existed probable cause to believe that on August 22, 1995, the defendant possessed firearms after having been convicted of a felony, and was then a felon in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). The Magistrate then held that the defendant was not entitled to be released on bond.
The Magistrate Judge first considered whether a felon in possession of a firearm constituted a crime of violence. The term "crime of violence" is defined under the Bail Reform Act to mean 
(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or
(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
(C) any felony under chapter 109A or chapter 110 [18 USCS §§ 2241 et seq. or 2251 et seq.].
18 U.S.C. § 3156(a)(4). The Magistrate Judge, relying on authority from other jurisdictions, found that possession by a felon of a firearm is a crime of violence justifying a pretrial detention hearing. See United *479 States v. Aiken, 775 F.Supp. 855 (D.Md. 1991); United States v. Spires, 755 F.Supp. 890 (M.D.Cal.1991); United States v. Johnson, 704 F.Supp. 1398 (E.D.Mich.1988), and United States v. Phillips, 732 F.Supp. 255 (D.Mass.1990).
After making a finding that possession by a felon of a fully loaded handgun is a crime of violence for purposes of 18 U.S.C. § 3142(f)(1)(A), the Magistrate proceeded to consider the factors for consideration in determining whether release or detention is appropriate:
(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning 
(1) the nature and the circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including 
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of a sentence ...; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....
18 U.S.C. § 3142(g).
The Magistrate Judge found that consideration of all four factors weighed in favor of detention. As to the first factor, the nature and circumstances of the offense, the Magistrate Judge found that the defendant was a convicted felon in possession of a semi-automatic pistol and thirteen rounds of ammunition. As to the second factor, the weight of evidence, the Magistrate Judge noted that the police found the pistol in defendant's waistband. As to the third factor, the defendant's history and characteristics, according to the Magistrate Judge, this defendant had a history of "drug-related, robbery, armed robbery, CDW felony, Bail Reform Act convictions," and from 1976 through May 1993 was convicted 11 times on various charges. Finally, as to the fourth factor, the nature and seriousness of the danger to any person, the Magistrate Judge found the defendant to be a career criminal. Accordingly, the Magistrate Judge concluded that defendant's pretrial release would constitute an unreasonable risk of danger to the community.[2]
On October 18, 1995, the defendant filed a pro se motion with this Court seeking review and revocation of the Magistrate's Order. That motion was later supplemented by the defendant on November 8, 1995. The government filed an opposition to defendant's motion of November 1, 1995, which it supplemented with additional authority on November 8, 1995. A hearing was held on November 8, 1995.
The defendant raises the following arguments in support of its motion. In its original pro se motion defendant argued that (1) the Magistrate erred in concluding that defendant was charged with a crime of violence; (2) the Magistrate's factual findings were unsupported by the evidence; (3) defendant lacked competent legal counsel; (4) the defendant needed to care for his daughter; and (5) that defendant has abided by the law since 1990. The defendant's original pro se motion principally argued that possession by a felon of a weapon is not a "crime of violence." *480 The supplement to the defendant's motion confined the defendant's argument to two narrow issues. First, the defendant argued that the Magistrate erred in applying the statutory presumption in concluding that detention was appropriate. Second, in an argument that was initially raised by the defendant pro se, the defendant argued that this Court should adopt the holding in United States v. Powell, 813 F.Supp. 903 (D.Mass. 1992), which held that 18 U.S.C. § 922(g) is not a crime of violence under 18 U.S.C. § 3156(a)(4)(B). Moreover, the defendant argues that such a holding is mandated by a 1991 amendment to a commentary of the sentencing guidelines which specifically excluded possession of a weapon by a felon from the § 4B1.2(1) definition of a crime of violence. See United States Sentencing Commission Guidelines Manual § 4B1.2(1), Application Note 2. The application of that particular guideline commentary was subsequently made binding upon the Federal Courts by the Supreme Court in Stinson v. United States, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).
In response, the government argues that the defendant's conviction in 1993 for armed robbery is sufficient, by itself, to trigger the statutory presumption of detention under 18 U.S.C. § 3142(e). Moreover, the government argues that careful consideration of the four factors listed in § 3142(g) demonstrates that the defendant has not met its burden in overcoming that presumption. Second, the government argues that possession of a weapon by a felon is a crime of violence for purposes of §§ 3156(a)(4) and 3142(f)(1). In support of its motion the government directs the Court's attention to the same four cases previously relied on by the Magistrate Judge, as well as the additional case United States v. Sloan, 820 F.Supp. 1133 (S.D.Ind.1993).
The Court is aware of only one case in this Circuit that has addressed the question of whether possession of a gun by a felon is a "crime of violence" for purposes of the Bail Reform Act. That case, United States v. Houston, Crim.A. No. 93-127, 1993 WL 328050 (D.D.C. April 16, 1993), involved, like this case, possession by a felon of a firearm, and held "that the possession of an unregistered firearm by a felon constitutes a crime of violence." Id. at *1. That case, however, pre-dated the Supreme Court's opinion in Stinson, and failed to address the impact of the earlier amendment to the Sentencing Guideline definition of crime of violence, and its application to the Bail Reform Act. In light of the apparent difference of opinion among district courts, and the lack of controlling precedent in this Circuit, this Court will address the issue now.

II. DISCUSSION
In reviewing the determination of the Magistrate regarding pretrial detention the District Court may make a de novo determination whether detention is proper. United States v. Delker, 757 F.2d 1390 (3rd Cir. 1985); United States v. Clark, 865 F.2d 1433, 1437 (4th Cir.1989).

A. Presumption of Detention
Before considering whether a felon's possession of a gun is a crime of violence the Court will consider whether the government is correct that a statutory presumption should apply in this case.[3] Defendant argues that the Magistrate erroneously applied the "statutory presumption" in deciding to detain the defendant without bond. The government first appeared to argue that the Magistrate Judge's finding, that possession by a felon is a "crime of violence," should be affirmed and that such a finding, by itself, triggered a rebuttable presumption of detention. *481 The government has subsequently clarified its position, arguing now that the Magistrate Judge's finding that the defendant had previously been convicted of a "crime of violence" triggered the presumption, and that this finding should be affirmed. Whether or not a rebuttable presumption exists is determined by statute. Under 18 U.S.C. § 3142(e), if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community, such person shall order the detention of the person before trial." Id.
A rebuttable presumption arises if the judicial officer finds that
1. the person has been convicted of a federal offense that is described in subsection (f)(1) [crime of violence, crime with a maximum sentence of life, drugs, any felony if defendant has been convicted of two or more felonies], or of a state or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
2. the person committed the crime while person was on release pending trial; and

3. not more than five years has elapsed since the conviction.
Id. (emphasis added).
The government argues that the semi-colon following paragraph (1) is the equivalent of an "or" and that the paragraphs should be read disjunctively. In other words, satisfy paragraph (1), and the presumption is triggered. In support of its interpretation, the government directs the Court's attention to a Federal District Court case from Illinois, United States v. Feliciano, No. 93 Cr. 70, 1993 WL 524338 (N.D.Ill. Dec. 13, 1993), where the Court found that because the defendant had "six prior felony convictions, including three which appear to qualify him for the 15-year minimum sentence enhancement under 18 U.S.C. § 924(e), the statute creates a rebuttable presumption...." Id. at *5. This, the government argues, is proof that a prior conviction standing alone is adequate to trigger the statutory presumption. The Court is not persuaded that Feliciano can support the weight which the government places upon it. There is no way for this Court to determine from the Feliciano opinion itself, what the basis for that Court's decision was. Furthermore, assuming arguendo that Feliciano stood for the proposition the government suggests, the government offers no persuasive reason why this Court should be bound by that Court's holding.
The defendant, on the other hand, argues that the three paragraphs of the presumption should be read conjunctively, and this Court agrees. First, the Court finds the inclusion of "and" following paragraph (2) highly significant. The word "and" has a totally different meaning from that of a semi-colon and the government has offered no plausible explanation why this language should be ignored. Second, the Court notes that both paragraph (2) and (3) reference paragraph (1) in such a way as to suggest that they are inter-dependent and that all three must be satisfied. This interpretation, the Court believes, is supported by language in United States v. Bess, 678 F.Supp. 929 (D.D.C.1988). In that case the Court held that the same presumption at issue here applied when the judicial officer finds that a defendant charged with a crime listed in § 3142(f)(1) "previously was convicted for a similar crime while on release pending trial and less than five years has elapsed since the conviction or his release from imprisonment...." Id. at 933 (emphasis added). As the noted language indicates, at least in this District, courts have previously read the language conjunctively. Finally, the Court believes that adoption of the government's argument would render a significant portion of § 3142(e) a nullity. A second rebuttable presumption exists under § 3142(e) in cases where "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.), or an offense under section 924(c) of title 18 of *482 the United States Code." See U.S.C.S. § 3142(e). All of these violations are also listed under § 3142(f)(1). Under § 3142(e)(1), the paragraph at issue here, all crimes listed under subsection (f)(1), satisfy the paragraph. Thus, if, as the government suggests, satisfaction of paragraph (1) alone triggered the presumption, the second presumption of § 3142(e) would be unnecessary. It is axiomatic that statutes should not be interpreted in such a way as would render significant portions surplusage, and contrary to the government's urging this Court will not do so here.
The government has presented no evidence that the defendant was (1) previously convicted of one of the aforementioned crimes, (2) while pending trial, (3) within five years of the previous conviction. While these three elements may be satisfied, the government has not presented such evidence to the Court, and the government bears the burden of demonstrating that each statutory element is satisfied in order to trigger the presumption. In this case, that has simply not been done.

B. Crime of Violence
The next issue before the Court is the question of whether possession by a felon of a firearm is a crime of violence for purposes of the Bail Reform Act. The government argues that such possession is a crime of violence, and presents to the Court case authority in support of the proposition including United States v. Sloan, 820 F.Supp. 1133 (S.D.Ind.1993). In that case the Court concluded that being a felon in possession of a firearm was a crime of violence. Id. at 1136. The Court reasoned that since being a felon in possession of a firearm did not include an element of physical force, it could only constitute a crime of violence if "by [its] nature" it involved a "substantial risk that physical force against the person or property of another may be used." Id. at 1136; 18 U.S.C. § 3142(a)(4)(B).
The Court in Sloan, took note of the split in the circuits at least with regard to whether § 922(g) constituted a crime of violence under the 4B1.2 definition. See Sloan, 820 F.Supp. at 1137. The Court also acknowledged that the 1991 amendment to § 4B1.2, which concluded that the term "crime of violence" does not include the offense of unlawful possession of a firearm by a felon, resolved much of the confusion at least with regard to sentencing. Id. at 1137 n. 6. In refusing to extend this principle to the pretrial detention context, the Court in Sloan found significant distinctions between pretrial detention and sentencing. In particular, the Court in Sloan contrasted pretrial detention with the Seventh Circuit's analysis of sentencing enhancement in United States v. Chapple, 942 F.2d 439 (7th Cir.1991).[4]Chapple involved an interpretation of the Sentencing Guidelines where the Court refused to find that possession without some overt act was a crime of violence. 942 F.2d at 441. As the Court in Sloan noted, the Court in Chapple was interpreting the definition of "crime of violence" provided in the Sentencing Guideline 4B1.2, and not the definition from 18 U.S.C. § 3156(A)(4). The Sloan Court refused to adopt the reasoning of Chapple for several reasons including that the two definitions at issue were not identical, and the contexts in which they were applied were significantly different. Therefore, according to Sloan the reasoning of the sentencing cases did not control in a Bail Reform Act case.
The Court in Sloan was persuaded that the differing circumstances of a pretrial detention determination and a sentencing enhancement determination required different treatment. Moreover, an interpretation of § 3156(a)(4), should be consistent with interests and purposes to be served by the detention determination. According to the Court:
[a]s discussed below, Congress has declared that because felons in possession of firearms are a threat to the safety of society, they are permanently barred from possession. 18 U.S.C. § 922(g). A felon, therefore, who possesses a firearm in direct violation of this ban commits a continuing threatening act against society and *483 has already demonstrated the inability of specific legal proscriptions to prevent him from breaking the law. Certainly such persons would be one of the few types of defendants targeted by the Act whose danger at least warrants consideration for detention under § 3142(f)(1)(A).
The interpretation of a crime of violence must also recognize the different environment in which the release/detention decision is made when compared to the sentencing environment. Sentencing follows conviction. At that point, there has been full investigation, trial, and determination of the facts; the defendant is in custody and will not be released into the community until after serving a sentence; and there has been an opportunity to extensively investigate all facts relevant to sentencing factors. In the pretrial detention context, by contrast, the Court must decide whether to release a potentially dangerous defendant at the earliest stage of the judicial proceeding.... The decision facing a court is not whether to merely enhance a sentence a defendant will already serve, but whether to release him from custody into the community.
820 F.Supp. at 1138-39. In addition, the Court noted that the legislative history of § 922(g) supported its interpretation that § 922(g) was indeed a crime of violence.
The defendant, on the other hand, argues that United States v. Powell, 813 F.Supp. 903 (D.Mass.1992), which concluded that a felon in possession is not a crime of violence for purposes of the Bail Reform Act, is the better rule. Id. at 909. The decision in Powell is particularly significant in that it represents a departure from the same court's previous holding in Phillips, 732 F.Supp. 255. According to the Court in Powell, its departure was based in part on intervening law in the First Circuit. Because the Supreme Court's holding in Stinson has made the conclusion if not the rationale of those First Circuit cases the law of the land, an analysis of Powell is appropriate.
The Court in Powell, leaned heavily on the rationale of United States v. Doe, 960 F.2d 221 (1st Cir.1992), and United States v. Bell, 966 F.2d 703 (1st Cir.1992), two guideline cases which had previously held that a "a felon in possession is not a crime of violence for purposes of the sentencing guidelines." 813 F.Supp. at 907 (quoting United States v. Whitford, No. 92-73-J, Order on Detention, 1992 WL 188815 (D.Mass. July 27, 1992)). In extending this reasoning the Court in Whitford had found that the reasoning in the sentencing decisions should extend to the Bail Reform Act because, "[f]irst, the definitions of the term `crime of violence' are substantially the same under the Bail Reform Act and the sentencing guidelines.... Second, in construing this definition under the guidelines, the First Circuit stressed the Sentencing Commission's preference for a categorical approach to determining which types of offenses are crimes of violence and noted that many instances of the felon in possession crime do not pose a substantial risk of physical injury to another." Whitford, 1992 WL 188815, at *4.
The Powell Court found highly persuasive the Doe court's preference for a categorical approach, requiring either that all forms of the felon in possession crime be considered crimes of violence or that none be. 813 F.Supp. at 908. Moreover, the Powell Court found significant that the Court in Doe had expressly rejected Phillips, as a case it would not follow.[5] Finally, the Powell Court suggests application of different definitions in sentencing and pretrial detention would create an anomaly. According to the Court, "[t]o hold otherwise would require a finding that the felon in possession crime is not indicative of the type of danger to society that would trigger sentencing provisions designed to prolong incarceration for dangerous individuals, but is indicative of the type *484 of danger to society that would trigger the Bail Reform Act's provisions for incarcerating individuals before trial, when the relevant language is nearly identical." 813 F.Supp. at 908. The Court goes on to suggest that, arguably a defendant is more dangerous after conviction. The Powell Court notes in agreement with Doe, 960 F.2d at 224, that there are many instances when the felon in possession offense poses no serious risk of physical harm. 813 F.Supp. at 909.
It is against this backdrop that the Court examines the impact of the Supreme Court's decision in Stinson. In that case the Supreme Court held that the commentary section of 4B1.2, excluding § 922(g) from the definition of "crime of violence" was binding on the Federal Courts. ___ U.S. at ___, 113 S.Ct. at 1920. The Supreme Court had granted certiorari in Stinson in order to resolve a conflict in the circuits regarding the authoritative weight to be accorded the commentary to the Sentencing Guidelines. 113 S.Ct. at 1916. The Court ultimately concluded that
the commentary is a binding interpretation of the phrase "crime of violence." Federal courts may not use the felon-in-possession offense as the predicate crime of violence for purposes of imposing the career offender provisions of USSG § 4B1.1 as to those defendants to whom Amendment 433 applies.
Id. at 1920.
Stinson is clearly a significant holding for its impact on sentencing and the authority of the Sentencing Commission. However, a close inspection reveals that it fails to even minimally address questions at issue here. For example, the Stinson Court did not find that Amendment 433 is applicable to the Bail Reform Act, nor did it find that the commentary definition is applicable to any other context beyond sentencing. The Court's decision contained no analysis of the definition of "crime of violence," and dealt primarily with issue of the Commission's authority. In fact, there is no suggestion in Stinson whatsoever that the Sentencing Commission's definition was amended in contemplation of its application in other contexts. This Court recognizes that some courts have done just that, but the Court is aware of no other court that has relied on Stinson as authority for applying the Sentencing Guideline definition of "crime of violence" in the pretrial detention context. Accordingly, this Court finds that Stinson does not require this Court to apply the Sentencing Guideline commentary in the pretrial detention context.
The Court finds unpersuasive the suggestion that determining whether an offense constitutes a "crime of violence" for purposes of the Bail Reform Act should be done only after consideration of facts and circumstances associated with that particular act. See Chapple, 942 F.2d at 441 (possession plus some overt act is a crime of violence). The Court believes an offense is a "crime of violence" only if the risk of violence is inherent in the nature of the crime, regardless of whether there was risk of violence, or actual violence, during the commission of the offense under the facts of a particular case. Phillips, 732 F.Supp. at 261; see also Johnson, 704 F.Supp. at 1400. Thus, in making the threshold determination of whether to conduct a hearing a court should examine the intrinsic nature of the offense and not the actual conduct of the individual. Aiken, 775 F.Supp. at 856. Moreover, focusing solely on the intrinsic nature of the offense in determining whether an offense is a crime of violence is consistent with the statutory scheme. Under the Bail Reform Act ordering a defendant held without bond is essentially a two stage process. First, under § 3142(f) a judicial officer will hold a detention hearing only upon finding one of the threshold standards, such as the offense is a "crime of violence," is met. If, and only if, the court makes this threshold finding does the court proceed to the second stage, consideration of the factors under § 3142(g) to determine whether the defendant presents a danger to the community or is a flight risk.[6] This is the appropriate place to make a finding that this defendant is dangerous or not. Requiring a court to consider overt acts or the associated conduct of a defendant at the earlier stage, as Chapple *485 suggests, would essentially mandate the court making a finding that this particular defendant is dangerous prior to a consideration of the factors under § 3142(g). Whether or not possession by a felon of a firearm is a crime of violence should be determined without consideration of particular conduct on the part of the defendant.
The Court believes that a felon in possession of a firearm is a "crime of violence" for purposes of the Bail Reform Act. See 18 U.S.C. § 3156(a)(4). As a threshold matter, an offense is a crime of violence only if the risk of violence is inherent in the nature of the crime, regardless of whether there was a risk of violence or actual violence during the commission of the offense. With that in mind, this Court agrees with those courts that have distinguished pretrial detention from sentencingthis Court believes context does matter. There is a significant difference between sentencing enhancement and pretrial detention. Moreover, this Court is not convinced that the recommendations of the Sentencing Commission, notwithstanding its binding force in the sentencing context, should ever be extended beyond that realm. The Sentencing Commission does not function to address questions beyond those that arise in the administration of the guidelines. Thus, for example, when the Commission decides to define a term for application within the guidelines, its motivation may be totally different than that of the authors of the Bail Reform Act. A careful review of the entire commentary at issue here suggests as one possible motivation the prevention of double counting in sentencing enhancement.[7] The Court, however, need not reach this issue in order to discount the commentary. The mere fact that the Court is unclear as to the Commission's motivation is sufficient reason to be careful in expanding their reasoning beyond the sentencing area. For the reasons previously discussed this analysis remains unaffected by the Supreme Court's holding in Stinson.
Ultimately, this Court finds that possession by a felon of a firearm is an offense which, by its nature, involves a substantial risk that physical force against the person or the property of another may be used. See 18 U.S.C. § 3156(a)(4)(A). An individual is presumed to know the law. Thus, when a felon chooses to possess a firearm, it must be presumed he does so in conscious disregard of the law. A felon in possession of a firearm is aware that such activity is illegal, so his act of possessing weapons illustrates a knowing and willful disregard for the prohibition placed upon him. United States v. Johnson, 704 F.Supp. 1398, 1401 (E.D.Mich.1988).
Moreover, this Court, like others before it, is concerned that there is an increased risk that a criminally-inclined individual is more likely to use a firearm already in his possession to commit a crime. United States v. Aiken, 775 F.Supp. 855, 856 (D.Md.1991). "It follows that persons who violate the statute [§ 922(g)] are often persons who have little regard for the law and many such persons may fairly be classified as outlaws." United States v. Jones, 651 F.Supp. 1309, 1310 (E.D.Mich.1987). This Court believes that the contemplation of use implicit in a felon's possession makes this violation a crime which by its nature presents a substantial risk that physical force may be used on another. See § 3156(a)(4)(B). Accordingly, the Court finds that possession of a firearm by a felon is a "crime of violence."

C. Application of factors
Because the Court finds that a felon in possession of a firearm is a crime of violence the Court finds a pre-trial detention hearing pursuant to § 3142(f), is warranted. Like the Magistrate Judge before, determining if there are conditions of release that will *486 reasonably assure the appearance of the person and the safety of any other person and the community requires the Court to examine the factors listed in § 3142(g). While the Magistrate Judge based his order on the risk of flight and the safety of the community, the Court finds that the government has not established that the defendant presents a risk of flight. Thus, the sole issue before the Court is whether the government has sustained its burden by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. United States v. Simpkins, 826 F.2d 94 (D.C.Cir.1987); 18 U.S.C. § 3142(f). This Court believes that it has.
Regarding the first factor, the nature and circumstances of the offense charged, as previously discussed possession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public. This is a crime of violence. The Court need not recite or review the parade of horribles that guns have wrought on our city streets. A felon who consciously chooses to possess a weapon, particularly one as experienced with the system as this one, demonstrates a brazen disregard for the law. When a felon carries a firearm in disregard of the prohibition to do so, it begs the question, did this individual conclude he needed the gun more than he feared getting caught? Possession in the face of such a prohibition is persuasive evidence that the gun had a potential function. Moreover, the Court is not convinced that such conduct would not be repeated.
With regard to the second factor, the evidence suggests that the defendant was apprehended with the 9mm pistol tucked into his waistband. The defendant challenged the Magistrate Judge's factual finding arguing there was no evidence "that anyone had seen this defendant with a firearm prior to his arrest." This argument, however, does not address the question of whether the police found the gun in defendant's possession. At no time before this Court did the defendant challenge the allegation that he was in possession of the weapon as the police have alleged. There is clear and convincing evidence that the defendant possessed the weapon as charged.
The third factor, the history and characteristics of the defendant, presents a mixed bag of information. On one hand, the Court is presented evidence of the defendant's strong family ties, with his daughter, his mother, and his brothers, in particular his brother who is an investigator with the Metropolitan Police Department. In addition, the Court is aware of several local attorneys that have come forward to vouch for the defendant's character and for the quality of the work the defendant has performed as an investigator. In contrast, the Court is faced with the defendant's extensive history with the criminal justice system. That history need not be recounted here beyond the fact that between 1976 and 1993 the defendant was convicted of 11 separate offenses including, armed robbery, assault, various drug offenses and as recently as 1993, robbery, CDW and violating the Bail Reform Act. In addition, the defendant has been arrested multiple other times. The defendant's history with the criminal justice system, including his relationship with his police officer brother, and the work he has performed as an investigator, leads the Court to one conclusionthe defendant knew the grave consequences of possessing the firearm and nonetheless proceeded to violate the law.
Finally, with regard to the fourth factor, the Court finds that the defendant would pose a serious danger to the community if released. The Court's conclusion is based on several factors including his longstanding involvement with the criminal justice system. Despite defendant's previous convictions he continues to violate the law. The Court finds that in light of the defendant's previous extensive exposure to the system, the defendant's decision to possess a firearm demonstrates a callous disregard of the law. This conscious disregard of the law is persuasive evidence that the defendant is a risk to break the law again. As the Court has previously discussed, a felon who possesses a firearm in disregard of the law is likely doing so with the possible use of that weapon in mind.

*487 CONCLUSION
The Court finds that the government presented clear and convincing evidence of the defendant's dangerousness justifying detention. The Court has the burden in this circumstance of ensuring the community's safety, and this Court finds that there are no condition or combination of conditions of release that will reasonably assure the safety of the community.
Accordingly, it is hereby
ORDERED that the Report and Recommendation of Magistrate Judge Kay is AFFIRMED; and it is further
ORDERED that the defendant's Motion For Revocation of Detention Order is DENIED.
NOTES
[1] 18 U.S.C. § 3142(f), provides that a judicial officer shall hold a detention hearing upon motion of the government in a case that involves "a crime of violence." Id. at 18 U.S.C. § 3142(f)(1)(A).
[2] The Magistrate Judge also found that the defendant presented a risk of flight. This Court reviewing the Magistrate de novo finds no such risk exists.
[3] The government argues that the Magistrate's "preliminary determination that defendant committed a crime of violence thereby giving rise to the rebuttable presumption is unassailable." The government's argument would be more persuasive if it were clear from the record that the Magistrate had made such a determination. However, the record is unclear the Magistrate made any finding on that issue. While the Magistrate did make reference to a presumption in the conclusion of his report and recommendation, the Court is unclear why he did so. An inspection of the transcript of the August 25, 1995, hearing reveal that the Magistrate Judge made no reference to application of a presumption, and moreover, there is no indication in the body of the report that the detention order was based, even in part, on the finding that a presumption existed.
[4] Those distinctions are highly significant here because Chapple is similar in many respects with the First Circuit opinions upon which the defendant's case authority is based.
[5] This Court believes that the Powell court may have placed too much reliance on Doe's rejection of Phillips. The court in Doe seemed to be attempting to square its holding with comments made by legislators regarding § 922(g) and noted that the legislators "expressed these concerns in the context of criminalizing the conduct. They did not focus on whether or not this new felony was "violent" for sentencing purposes." 960 F.2d at 226. Thus on the heels of rejecting the reasoning of Phillips, a Bail Reform Act case, the Doe Court recognized that sentencing enhancement and pretrial detention arose in different contexts.
[6] This analysis would be affected by a finding that one of the presumptions applied.
[7] For instance, the Sentencing Commission in refusing to allow possession of a firearm by a felon to be considered a crime of violence for § 4B1.1, may not have been making any judgment about the relative violence of a felon carrying a weapon. Their motivation may have been solely to prevent double counting in sentencing. See U.S.S.C. Guidelines Manual § 4B1.2(1), Application Note 2 ("Where the instant offense is the unlawful possession of a firearm by a felon, § 2K2.1 [] provides an increase in offense level if the defendant has one or more prior felony convictions for a crime of violence or controlled substance offense; and if the defendant is sentenced under the provisions of 18 U.S.C. § 924(e), § 4B1.4 (Armed Career Criminal) will apply.").