**UNITED STATES**

v.

**Tyrone W. GLOSTER, Defendant.**

**Crim. No. 96–0375(PLF).**

United States District Court,
District of Columbia.

July 3, 1997.

Glenn Michael Lennon, Office of Assistant U.S. Attorney, Washington, DC, for Plaintiff.

Teresa Alva, Federal Public Defender for DC, Washington, DC, for Defendant.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

Tyrone W. Gloster was indicted for the possession of a loaded Ruger 9mm semiautomatic pistol, having previously been convicted of a felony in violation of 18 U.S.C. § 922(g). He was arraigned before this Court on June 12, 1997. At the time of his

arrest he was on probation for the commission of another offense—conspiracy to possess with intent to distribute cocaine—of which he was convicted in Prince George's County, Maryland. By order of June 13, 1997, Magistrate Judge Deborah Robinson ordered the defendant held without bond after a detention hearing, based on her finding that Mr. Gloster had been charged with a crime of violence under 18 U.S.C. § 3142(f)(1)(A), and that he therefore was subject to preventive detention under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* The defendant moved before this Court for reconsideration of Magistrate Judge Robinson's detention order under 18 U.S.C. § 3145(b), and the government moved to enforce it.

On June 17, 1997, this Court ordered the defendant temporarily held without bond for ten days pursuant to 18 U.S.C. § 3142(d) to permit the government to inform defendant's probation officer in Maryland of his indictment in this case. The Court scheduled a further hearing for June 23, 1997. At that hearing, the government represented that a probation violation warrant had been issued, although it was unclear at that time whether the warrant had yet been lodged as a detainer.

After hearing argument from counsel, this Court held that being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), is not a crime of violence and that, absent any other basis for detention under 18 U.S.C. § 3142(f), the Court is not authorized by Congress to order the defendant detained without bond or even to conduct a detention hearing.[1] This Opinion explains the reasons for that decision.[2]

## I. IS DETENTION AVAILABLE?

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, authorizes a judicial officer to conduct a "detention hearing" as defined by 18 U.S.C. § 3142(f) and thus to consider detaining a defendant without bond only if one of six specified circumstances exists: (1) if the defendant is charged with a crime of violence; (2) if the offense charged carries a maximum sentence of life imprisonment or death; (3) if the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act; (4) if the defendant is charged with any felony and the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of Section 3142(f)(1) (namely, circumstances (1), (2) or (3)), or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of Section 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; (5) if the defendant poses a serious risk of flight; or (6) if there is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or in-

**1.** A "detention hearing," as defined by 18 U.S.C. § 3142(f), is a term of art under the Bail Reform Act; it has numerous procedural and evidentiary requirements that do not pertain to a bail determination made under other provisions of the Act at an "appearance before a judicial officer." *See* 18 U.S.C. § 3142(a).

**2.** As noted, a probation violation warrant has been issued by the Prince George's County authorities and a detainer has now been lodged. As a result, the defendant may well be remanded to the custody of the Prince George's County authorities. Nevertheless, if the Prince George's County authorities decline to take Mr. Gloster into custody, or if he is subsequently released for some reason, the conditions set by this Court shall govern.

The conditions of release set by the Court are contained in the release order issued on June 23, 1997. They are, in summary: defendant shall be released to a halfway house; he shall maintain employment; he shall refrain from committing any new offenses under federal, state or local law; he shall refrain from possessing or using any alcohol, illegal drug or firearm; he shall be released one hour before the commencement of his employment and return to the halfway house one hour after his employment finishes for the day; he shall be issued no social passes and under no circumstances shall he be released at night. Finally, he shall meet with any of his counsel and his probation officer at the halfway house except that if counsel wishes to meet with defendant at some other place, he or she shall move the Court, with 24 hours notice, for an order permitting defendant's release for that purpose.

timidate, a prospective witness or juror. *See* 18 U.S.C. § 3142(f).[3]

■ "A hearing can only be held if one of the[se] six circumstances ... is present; detention can be ordered only after a hearing is held pursuant to § 3142(f). Detention can be ordered, therefore, only 'in a case that involves' one of the six circumstances listed in (f)...." *United States v. Byrd,* 969 F.2d 106, 109 (5th Cir.1992). If after such a hearing

[a] judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial.

18 U.S.C. § 3142(e). The threshold question, however, is whether detention is available at all for one of the six enumerated reasons; if not, then no matter how dangerous or antisocial a defendant may be, Congress has concluded that such a defendant must be released, either on personal recognizance or on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of any other person and the community. *See* 18 U.S.C. §§ 3142(a)(1)–(3); 18 U.S.C. § 3142(c).

In this case, the issue is whether the offense with which defendant has been charged—being a felon in possession of a firearm under 18 U.S.C. § 922(g)—is a crime of violence triggering the provisions of Section 3142(f)(1)(A). The Court concludes as a matter of statutory interpretation that 18 U.S.C. § 922(g) does not define a crime of violence and therefore that defendant cannot be detained on that basis.

**3.** Any of the first four situations must be raised by the government in order for there to be a detention hearing, while the last two may be raised either by the government or by the Court on its own motion.

**4.** 18 U.S.C. § 924(c)(3) defines "crime of violence" for the purpose of imposing penalties for firearms offenses.

**5.** The Fifth Circuit, by contrast, has held that the actual charged offense need not be a crime of

### A. The Statutory Language

The Bail Reform Act defines "crime of violence" at 18 U.S.C. § 3156(a)(4), using language identical to the language of 18 U.S.C. § 924(c)(3).[4] To meet the definition the offense must be a felony and be either

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; [or]

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4). The crime for which Mr. Gloster was indicted is defined in pertinent part as follows:

It shall be unlawful for any person [ ] who has [previously] been convicted of [a felony] ... [to] possess in or affecting commerce, any firearm, or ammunition....

18 U.S.C. § 922(g)(1).

■ As an analytic matter, in deciding whether the felon–in–possession offense is a crime of violence, the Court is to follow a "categorical approach," that is, the Court shall look only to the statutory definition of the offense itself and not to the specific circumstances under which the alleged offense was committed. *See United States v. Washington,* 907 F.Supp. 476, 484 (D.D.C. 1995); *see also Taylor v. United States,* 495 U.S. 575, 600–601, 110 S.Ct. 2143, 2159–2160, 109 L.Ed.2d 607 (1990) (categorical approach governs interpretation of the term "burglary" in 18 U.S.C. § 924(e)); *United States v. Doe,* 960 F.2d 221, 223–24 (1st Cir.1992) (same).[5] Under the threshold formal analy-

violence but merely that the case "involve" a crime of violence. *United States v. Byrd,* 969 F.2d 106, 110 (5th Cir.1992) (government could have met its burden under Section 3142(f) by showing that the nonviolent charged offense—receiving a videotape depicting minors engaged in sexually explicit activity—was accompanied by actual violent criminal activity such as child molestation). Even if that were the standard in this circuit, the government has proffered no evi-

sis required by Congress to determine whether a judicial officer is authorized to conduct a detention hearing under 18 U.S.C. § 3142(f)(1)(A), either the charged offense is a crime of violence or it is not.[6]

The government argues that Mr. Gloster should be detained because the circumstances under which he was arrested, the fact that he was on probation at the time of the offense in this case, the fact that he was rearrested on a drug charge in Maryland between the time of indictment and arraignment in this case, and his substantial prior criminal record all demonstrate his dangerous "proclivities" and thereby render his charged offense a crime of violence. It also argues that he faces enhanced penalties in this case as a result of his prior record.

It is true that Mr. Gloster has a long history with the criminal justice system, including at least a dozen arrests, at least three of which resulted in felony convictions, for such offenses as housebreaking and the possession and distribution of controlled substances. But the Court reads the Bail Reform Act as permitting such a fact–sensitive inquiry only under Sections 3142(e) and (g), that is, *after* the triggering provisions of Section 3142(f) have been met and detention therefore is available. Under the categorical approach, the Court cannot consider Mr. Gloster's criminal history, personal characteristics or any other factors except the statutory definition of the offense with which he has been charged.

Congress has not defined the offense proscribed by Section 922(g) in such a way as to render it a crime of violence under either Subsection (A) or (3) of Section 3156(a)(4). Section 3156(a)(4)(A) requires that the offense have as an element the "use" (attempted, threatened or actual) of force. Section 922(g) by its terms requires only that an individual who previously has been convicted of a felony "possessed" a firearm; this defini-

tion falls short of Subsection (A)'s use requirement. The Supreme Court in *Bailey v. United States,* —— U.S. ——, ——, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995) made abundantly clear that in the context of gun offenses, " 'use' means more than mere possession," *id.* at ——, 116 S.Ct. at 506, and that the government must prove *"active employment* of the firearm by the defendant." *Id.* at ——, 116 S.Ct. at 505 (emphasis in original). Indeed, the Court expressly distinguished Section 922(g) as a mere "possession" offense from Section 924(c)(1) which is a "use" offense. *Id.* at ——, 116 S.Ct. at 506. *See also United States v. Canon,* 993 F.2d 1439, 1441 (9th Cir.1993). Section 3156(a)(4)(A) therefore cannot apply to mere possessory offenses such as the one proscribed by 18 U.S.C. § 922(g).

■ Subsection (B) of Section 3156 applies where the offense "by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). The heart of the issue, and the source of much discussion among the district courts, is whether the simple fact of being a felon in possession of a weapon, without more, inherently poses a substantial risk that physical force will be used. It is important to note that Subsection (B) requires more than the potential for the use of violence or physical force. It includes the requirement that the risk of the use of force be "in the course of committing the offense." But no violence in fact need be used "in the course of committing" the offense charged here, that is, the offense of coming into possession of a weapon. A felon can violate Section 922(g) in a myriad of peaceful ways such as by buying, finding or borrowing a gun, or even storing a firearm in a closet or under the bed. In this case, the government asserts that Mr. Gloster was sitting on a loaded weapon. Such

---

dence in this case that the charged possessory offense was connected to a crime of violence.

**6.** By contrast, after it is determined whether a detention hearing is warranted, the judicial officer is directed to consider various factors in any bail determination, including whether the offense was a crime of violence, the "nature and circum-

stances" under which it was committed, the weight of the evidence, the history and characteristics of the defendant, and the danger to the community posed by release. *See* 18 U.S.C. § 3142(g); *United States v. Washington,* 907 F.Supp. at 484–85. In other words, it is not until this later stage that the actual circumstances of the alleged offense are to be considered.

acts are, of course, no less felonious, but they do not involve a substantial risk that physical force will be used *in their commission.*

It is worth noting here the broad scope of Section 922(g), which encompasses possession by *any* felon of *any* firearm. It does not, for example, restrict its reach to only those felons who previously committed violent crimes, who are demonstrably dangerous or have a proclivity for violence. Nor is it restricted to weapons of an especially dangerous character such as automatic or semiautomatic guns. Other parts of the very same statutory section do make such distinctions, but Section 922(g) does not. Indeed, Sections 922(*o*) and (v) specifically outlaw machine guns and semiautomatic weapons, while Section 922(v)(3) wholly exempts certain semiautomatic weapons. *See* 18 U.S.C. §§ 922(*o*), 922(v)(1)–(3). Similarly, 18 U.S.C. § 924 imposes heavier penalties for certain weapons that Congress has determined are particularly pernicious. In other words, Congress knew very well how to focus the aim of its gun control statute and in passing Section 922(g), it chose not to do so.

Other aspects of the statutory scheme further support the conclusion that Section 922(g) does not delineate a crime of violence. For example, 18 U.S.C. § 924(c)(1) states in part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) uses or carried a firearm, shall [receive an additional five year sentence].

18 U.S.C. § 924(c)(1). This section, proscribing "use", would make no sense if the predicate "crime of violence" were the mere possession of a gun by a felon. Of course, Sections 922 and 924 should be read consistently with one another since they are part of the same statutory scheme. *Bailey v. United States,* —— U.S. at ——, 116 S.Ct. at 507.

The legislative history of the Bail Reform Act further supports the conclusion that Congress did not intend the felon–in–possession offense to be treated as a crime of violence. The Senate Report in which the Bail Reform Act is discussed states that the offenses listed in 18 U.S.C. § 3142(f)(1), including crimes of violence, "are essentially the same categories of offenses described in the District of Columbia Code by the terms 'dangerous crime' and 'crime of violence' for which a detention hearing may be held under that statute. FN70." S.Rep. No. 98–225, 98th Cong. 1st Sess. 20–21 (Aug. 4, 1983), U.S.Code Cong. & Admin. News 1984, pp. 3182, 3203–3204. Footnote 70 references D.C.Code § 23–1331, which in turn defines "dangerous crime" and "crime of violence." Those two Code sections list the following: taking property, unlawful entry, arson, burglary, first degree sexual assault, sale of controlled substances, murder, child sexual abuse, mayhem, kidnapping, extortion and blackmail. Nowhere is possession of a weapon mentioned, either by a prior convicted felon or by a non–felon.[7] Since the Senate Report expressly relied on the D.C.Code's definition in determining what crimes trigger a detention hearing under the federal Bail Reform Act, it follows that being a felon in possession of a weapon was not the sort of crime Congress had in mind when it defined crime of violence.[8]

■ Finally, it should be noted that this entire inquiry takes place against the backdrop of a strong presumption against detention. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755, 107 S.Ct. 2095,

---

7. The District of Columbia Council recently amended D.C.Code § 23–1331(3) to provide that possession of an unregistered or concealed weapon and carrying a pistol without a license are henceforth to be treated as dangerous crimes and therefore detainable offenses. *See* The Zero Tolerance for Guns Emergency Amendment Act, D.C. Act 11–390 (Aug. 26, 1996). Congress could easily do the same.

8. Interestingly, Senator Michael DeWine (R–OH) has recently proposed amending the Bail Reform Act to expressly define crime of violence to include possession of a firearm because, in his words, "it's unclear under current law whether possession of firearms should be considered a crime of violence." 143 Cong Rec. S.379, 546 (Jan. 21, 1997).

2105, 95 L.Ed.2d 697 (1987). Despite this presumption of liberty, individuals accused of crimes for which they have not been convicted may be detained in some cases, in large part because "[t]he Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *Id.* at 747, 107 S.Ct. at 2101. This careful tailoring ensures not only the Act's fairness but its constitutionality. *Id.* at 747–48, 107 S.Ct. at 2101–02; *see also United States v. Simpkins,* 826 F.2d 94, 98 (D.C.Cir. 1987); *United States v. Himler,* 797 F.2d 156, 160 (3d Cir.1986) (Bail Reform Act is "narrowly-drafted statute" and its "pretrial detention provision [is] addressed to the danger from a small but identifiable group of particularly dangerous defendants").

### B.  Other Courts

Despite the fact that the plain language of the Bail Reform Act and its legislative history demonstrate that Congress did not intend for the offense proscribed by 18 U.S.C. § 922(g) to be treated as a crime of violence, at least half a dozen district courts, including two judges of this Court, have concluded otherwise. *See United States v. Henry,* 935 F.Supp. 24 (D.D.C.1996) (Sporkin, J.); *United States v. Butler,* 165 F.R.D. 68 (N.D.Ohio 1996); *United States v. Washington,* 907 F.Supp. 476 (D.D.C.1995) (Hogan, J.); *United States v. Sloan,* 820 F.Supp. 1133 (S.D.Ind.1993); *United States v. Aiken,* 775 F.Supp. 855 (D.Md.1991); *United States v. Johnson,* 704 F.Supp. 1398 (E.D.Mich.1988). The Magistrate Judges in this District also appear to have been proceeding on the assumption that Section 922(g) is a crime of violence.[9]

Courts that have found the felon–in–possession offense to be a crime of violence for purposes of the Bail Reform Act rely heavily on the notion that a felon is more likely to use a gun and in view of his or her lawless predilections, a prior felon in possession of a firearm poses a substantial risk that the gun will eventually be used. Judge Hogan discussed this theory at some length in *United States v. Washington,* 907 F.Supp. 476 (D.D.C.1995). He voiced his concern "that a criminally–inclined individual is more likely to use a firearm already in his possession to commit a crime" and quoted another court's opinion that "persons who violate [Section 922(g)] are often persons who have little regard for the law and many such persons may fairly be regarded as outlaws." *Id.* at 485 (quoting *United States v. Jones,* 651 F.Supp. 1309, 1310 (E.D.Mich.1987)). Similarly, the court in *United States v. Johnson,* 704 F.Supp. 1398 (E.D.Mich.1988), concluded that Congress intended to expand the definition of crime of violence beyond traditional categories in passing the Comprehensive Crime Control Act of 1984. *Id.* at 1400 (citing S.Rep. No. 225, 98th Cong., 2d. Sess. [sic] 307 n. 9 and 1984 U.S.C.C.A.N. 3182, 3486).

By contrast, the court in *United States v. Powell,* 813 F.Supp. 903 (D.Mass.1992), held that Section 922(g) is not a crime of violence. That court relied in particular on the fact that Section 922(g) is not treated as such in the sentencing context. *Id.* at 908–09. It also reasoned that under the categorical approach, possession of a firearm by a prior convicted felon is not a crime of violence since it does not inherently involve the threat of physical force in all circumstances. *Id.* at 909. Then–Chief Judge Breyer's analysis in *United States v. Doe,* 960 F.2d 221 (1st Cir. 1992), is particularly persuasive.[10] He con-

---

**9.** The courts of appeals were previously split on the related question of whether Section 922(g) defines a crime of violence for the purposes of the Federal Sentencing Guidelines' "career offender" provision, U.S.S.G. § 4B1.2. *Compare United States v. O'Neal,* 937 F.2d 1369, 1375 (9th Cir.1990) (Section 922(g) is a crime of violence under Sentencing Guidelines) with *United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) (Section 922(g) does not define a crime of violence under the Sentencing Guidelines where the possession of the weapon was completely passive). This split in the circuits ultimately was resolved by the Supreme Court in *Stinson v. United States,* 508 U.S. 36, 47, 113 S.Ct. 1913, 1920, 123 L.Ed.2d 598 (1993), in which the Court held that the Sentencing Guidelines' application note—stating that Section 922(g) is not a crime of violence for the purposes of U.S.S.G. § 4B1.2—is binding on the courts.

**10.** In that case, the statute at issue was not the Bail Reform Act but rather 18 U.S.C. § 924(e), which imposes an enhanced sentence for "violent felonies," a term that is interpreted congruently with the term "crime of violence." *See*

cluded that "simple possession, even by a felon, takes place in a variety of ways (*e.g.*, in a closet, in a store room, in a car, in a pocket) many, perhaps most, of which do not involve likely accompanying violence." *Id.* at 225. He also pointed out that if possession were considered to pose a risk of physical force, it could only be *future* risk, whereas the statute requires that the risk occur in the course of committing the offense. Such an extension of the concept of risk would "bring within the statute's scope a host of other crimes that do not seem to belong there.... [H]ow could one exclude, say, drunken driving or unlawful transportation of hazardous chemicals or other risk–creating crimes" that could very easily be expected to "present[ ] a serious potential risk of physical injury to another[?]" *Id.* at 225.

■ Like Judge Breyer, this Court rejects the argument that the status of an individual—being a convicted felon—transforms the otherwise passive offense of possession into a crime of violence. Neither the act of possessing a weapon nor the fact of being a felon is in itself a crime of violence. Neither has as an element of the offense the use of physical force, 18 U.S.C. § 3156(a)(4)(A), and neither by its nature involves a risk of physical force in its commission. 18 U.S.C. § 3156(a)(4)(B). There is plenty of room in the Bail Reform Act for judgments about an individual's character, trustworthiness, ties to the community, dangerousness and other individualized factors. These assessments, however, take place under 18 U.S.C. §§ 3142(e) and (g). Section 3142(f), by contrast, is governed by the categorical approach, which does not permit a court to adjust the meaning of a "crime of violence" based on the identity, background or proclivities of the defendant. To put it another way, Section 3142(f)(1)(A) applies equally to a convicted terrorist in possession of a submachine gun and an antitrust bidrigger in possession of a sporting rifle convicted of conspiracy or mail fraud. Without more, neither one can be detained without bail merely because they have been charged with the simple possession of a weapon.

This Court agrees with Judge Hogan and others who have noted that the consider-ations that go into setting bail differ from those that govern sentencing. *See, e.g., United States v. Washington,* 907 F.Supp. at 484; *United States v. Sloan,* 820 F.Supp. at 1137–39. But the presumption of innocence, which is in full force and operation when a detention determination is made under the Bail Reform Act but not at the time of sentencing, suggests that if a convicted felon in alleged possession of a firearm is ever to be entitled to the benefit of the doubt as to his or her capacity for violence, it should be at the bail stage and not at the sentencing stage. If anything, the fact that the Sentencing Commission has determined that Section 922(g) is not a crime of violence for sentencing purposes weighs in favor of treating Section 922(g) the same way under the Bail Reform Act. Furthermore, to treat Section 922(g) as a "crime of violence" for purposes of bail but not for sentencing would violate the categorical approach prescribed by the Supreme Court in *Taylor* and accepted by even those district courts that have found Section 922(g) to be a crime of violence. If Section 922(g) proscribes what is categorically and inherently a crime of violence when a court is considering whether to detain the accused, the intervention of a guilty plea or a conviction after trial should not render the offense any *less* violent merely because it has come time to impose sentence.

In sum, for all these reasons, the Court finds that 18 U.S.C. § 922(g) is not a "crime of violence" under the Bail Reform Act and that Mr. Gloster therefore cannot be detained on this basis.

SO ORDERED.

*Downey v. Crabtree,* 100 F.3d 662, 667 (9th Cir. 1996); *United States v. Doe,* 960 F.2d at 225.