**UNITED STATES of America**

v.

**Olatunji MOSURO and Oliyinka Sobamowo.**

**Crim. No. 86–313.**

United States District Court, District of Columbia.

Nov. 6, 1986.

William O'Malley and Darryl Jackson, Asst. U.S. Attys., Washington, D.C., for plaintiff.

Sol Rosen, Thomas Abbenante, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The defendants, Olatunji Mosuro and Oliyinka Sobamowo are charged in a 41 count superseding indictment filed on October 22, 1986. Both are charged with conspiracy to unlawfully distribute and possess with intent to distribute a controlled substance (heroin), (21 U.S.C. § 846), count 14, while Mosuro is charged with unlawful use of a communication facility to facilitate a conspiracy to distribute heroin, (21 U.S.C. § 843(b)), counts 21, 28, 30, 34, 36, 38, and interstate travel in aid of racketeering enterprise and aiding and abetting, (18 U.S.C. §§ 1952(a)(3) and (2)), counts 29 and 37. The defendants are charged in the superseding indictment along with Eddie Adair, Francis G. Sheen, Omowumni Sheen, Paula Teele and Victoria Toomer. The only issue addressed in this memorandum order is whether Mosuro and Sobamowo should be held in pretrial detention pending their trial, and all references herein to "defendants" refer only to them.

### I

The defendants were arraigned before this Court on October 24, 1986. At that time the Government moved that the Court hold the defendants without bond pending trial because no condition or combination of conditions will reasonably assure the appearances of the defendants as required and the safety of other persons and the community. *See* 18 U.S.C. § 3142(f)(1). The Government then moved that the detention hearing be continued over until Monday, October 27, 1986. *See* 18 U.S.C. § 3142(f). The Court ordered the defendants held without bond pending a hearing on October 27.

At the hearing on October 27, 1986, the Government argued that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearances of the defend-

ants and the safety of the community. In support of this argument, the Government relied on 18 U.S.C. § 3142(e) which provides that the presumption arises where a judicial officer finds that there is probable cause to believe that the defendants committed an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substance Act (Act). 21 U.S.C. § 801 *et. seq.* These defendants have been charged with such offenses under the Act, and the Government contends that the probable cause requirement has been met since the defendants have been indicted by a grand jury. Moreover, the Government alleges that a probable cause determination was made by a federal magistrate in the United States District Court for Maryland; however, the Court disregards the latter determination because it is not reflected in the records. The Government reasons that since there is a presumption in favor of holding the defendants without bond, the burden of *proof,* or the burden of *persuasion,* now shifts to the defendants to establish that they should be released on bond.

The defendants dispute the Government's interpretation of Section 3142(e) and argue that the presumption has not come into play because the above section provides that the probable cause determination must be made by a *judicial officer,* not the grand jury, and because the defendants are entitled to cross-examine the Government's witnesses and to present evidence.

After brief consideration of the respective arguments, this Court ruled that the indictment is sufficient to establish probable cause for the purpose of Section 3142(e), and that, this being the case, the defendants then had the burden of *going forward,* or of *production;* "to offer some credible evidence contrary to the statutory presumtion." *United States v. Alatishe,* 247 U.S. App. D.C. 247, 254, 768 F.2d 364, 371 (1985). *See also United States v. Jessup,* 757 F.2d 378, 389 (1st Cir.1985). The burden of *proof* remains with the Government, but once the rebuttable presumption arises, the defendants are required to go forward, and if they fail to do so, they may

be held without bond provided that all of the requirements of the statute have been met. Here, the defendants elected to go forward; they called a special agent of the Federal Bureau of Investigation (FBI) assigned to the case. At the conclusion of the evidence, and after arguments, the Court ruled that defendants are to be held without bond pending trial.

The Court has had a further opportunity to consider the question of whether an indictment establishes probable cause sufficient to create a rebuttable presumption under Section 3142(e). The Court is satisfied that it does and that therefore the burden of production properly shifted to the defendants. This conclusion is supported by the Supreme Court's holding that:

> An indictment "fair upon its face," and returned by a "properly constituted grand jury" sufficiently determines the existence of the probable cause [ ]. The willingness to let a grand jury's judgment substitute for that of a neutral an detached magistrate is attributable to the grand jury's relationship to the courts and its historical role of protecting individuals from unjust prosecution.

*Gerstein v. Pugh,* 420 U.S. 103, 117, n. 19, 95 S.Ct. 854, 865, n. 19, 43 L.Ed.2d 54 (1975) (citations omitted). The Court concludes that the indictment does establish probable cause. This result is consistent with the holdings of several courts of appeals. *United States v. Vargas,* 804 F.2d 157, 162–63 (1st Cir.1986); *United States v. Dominguez,* 783 F.2d 702, 706, n. 7 (7th Cir.1986); *United States v. Hurtado,* 779 F.2d 1467, 1479, n. 15 (11th Cir.1985), *rehearing denied,* 788 F.2d 1570 (1986); *United States v. Contreras,* 776 F.2d 51, 52 (2d Cir.1985); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985). Here the Court finds that there is a serious likelihood that the defendants will flee. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, each defendant shall be held

without bond. *See* 18 U.S.C. § 3142(f) and (i). The Court has considered the facts relating to each defendant separately. *See* Parts II and III, *infra.*

## II

With respect to Mosuro, the Court finds as follows: His name came up during the investigation of Adair, and the evidence obtained by court ordered telephone intercepts suggests that he is the principal supplier of drugs to Adair. He is involved in smuggling drugs into this country from Nigeria; Mosuro is Nigerian. He has been providing Adair with two to ten ounces of heroin every two to three weeks at a price of $2,000 to $3,000 per ounce. This means that the drug transactions amount to approximately $4,000 to $30,000 every three weeks. Not only were the telephone conversations relating to the drug transactions taped; some of the actual drug transactions were photographed. When he was arrested, he admitted that he was a courier of narcotics and that he had supplied drugs to Adair. Those statements have been reduced to writing. The evidence reveals that Mosuro has been under surveillance since March 1986.

It appears that Mosuro does not have a criminal record. He drives a taxicab but during the period of the investigation he was never observed picking up a fare or customer; thus, there is no evidence of legitimate employment. He is married and has two children but it appears that he is presently separated from his wife. He does not have strong ties to this community or this area and he is not a long time resident of this area. In view of the substantial charges now pending against him, the apparent strength of the Government's case and his lack of community ties, the Court finds that he is likely to flee if released into the community.

During the course of the hearing the agent testified that on July 5, 1986, Mosuro had a telephone conversation with Adair during which the word "heroin" was mentioned. That conversation related to the distribution of drugs and established proba-

ble cause with respect to counts 14 and 28. The statement of Mosuro relating to the transportation of drugs established probable cause as to counts 28 and 37. Although the agent did not specify the dates of every telephone conversation, there is probable cause to believe that Mosuro committed each of the offenses charges against him in the indictment.

The Court finds that the above facts have been established by clear and convincing evidence. The Court further finds that there is a serious risk that Mosuro will flee if released on bond, and the Court further finds that no condition or combination of conditions will reasonably assure the appearance of Mosuro as required and the safety of the community. For these reasons the Court concludes that Mosuro should now be held without bond pending trial.

## III

As to Sobamowo he is only charged in one count of the indictment; count 14, which charges conspiracy to unlawfully distribute and possess with intent to distribute a controlled substance. In a taped telephone conversation, he was overheard speaking with Adair and during that conversation he discussed narcotics trafficking. In the conversation, he referred to himself as "Desi", and when he was arrested he advised the agents that he was known as "Desi". Although he did not refer to "heroin" in the course of his conversation, he used terms for heroin normally used by heroin smugglers. During a telephone conversation between Mosuro and Sobamowo concerning the search of Sobamowo's residence, Sobamowo advised Mosuro that the FBI had found a container, a statue, in which heroin had been brought into the country.

In a conversation between Mrs. Sobamowo and a third person, the agent heard Mrs. Sobamowo discuss obtaining a fraudulent passport. She was also heard to discuss the possibility of getting Peter Giwa Osagie out of jail and smuggling him out of the country. Osagie is a Nigerian national

who was recently arrested for heroin possession in the State of Virginia. He has entered a plea of guilty to possession with intent to distribute heroin.

There is no evidence that Sobamowo has a criminal record in this country. He is married and has two children, but he is not a long time resident of this area.

The Court finds that Mr. Sobamowo is likely to flee if released on bond. Indeed, as noted above, his wife discussed smuggling someone else out of the country if that person was released from jail. The Court further finds that there is probable cause to believe that Sobamowo committed the offense with which he is charged in the indictment. The Court finds that no condition or combination of conditions will reasonably assure the appearance of Sobamowo as required and the safety of the community.

Based upon the above findings the Court concludes that the defendants should be held without bond.

In view of the above, it is hereby

ORDERED that Olatunji Mosuro will be held without bond pending trial, and it is further

ORDERED that Oliyinka Sobamowo will be held without bond pending trial, and it is further

ORDERED that the above defendants will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and it is further

ORDERED that the defendants shall be afforded reasonable opportunities for private consultations with their counsel.