**UNITED STATES of America,**

v.

**Pridgen HENRY, Defendant.**

**Criminal No. 96–213(SS).**

United States District Court,
District of Columbia.

July 26, 1996.

Teresa Alva and Tony W. Miles, Federal Public Defender for D.C., Washington, DC, for Pridgen W. Henry.

Daniel Shane Read, U.S. Attorney's Office, Narcotics Division, Washington, DC, for the U.S.

## OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant Pridgen Henry's Motion for Review and Revocation of his pretrial detention order. On June 10, 1996, Defendant appeared before United States Magistrate Judge Deborah Robinson. After hearing testimony and reviewing evidence, including Defendant's prior record and the pretrial services report, Judge Robinson ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). Defendant requested that this Court conduct a *de novo* review of Judge Robinson's detention order. On July 18, 1996, this Court held a hearing on Defendant's motion.

## BACKGROUND

On June 6, 1996, Defendant was arrested and charged with unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and simple possession of a controlled substance, in violation of 21 U.S.C. § 844(a). On the day of Defendant's arrest, police officers observed Defendant with a group of men. When officers approached the group, Defendant walked away.[1] One of the officers asked Defendant what he was "up to." Defendant replied "nothing," then grabbed an object in his waistband and fled around the corner and down the alley. Officers then heard what they believed to be a gun shot coming from the area in which Defendant had run. After apprehending Defendant, of-

---

1. These facts are based on the testimony of arresting officer Michael Fulton, who testified at the initial hearing before Magistrate Judge Robinson. No additional testimony was offered at the hearing held by this Court.

ficers seized one zip-lock bag of marijuana from Defendant's person. A search of the area where the shot was fired uncovered a 9mm Lorcin handgun with eight rounds of live ammunition and one spent cartridge, which was jammed in the gun.

Defendant requests that this Court revoke his detention order, on the grounds that he is neither a danger to the community nor a flight risk.[2] Defendant believes that he is not a danger to the community because "even if [he] possessed a firearm, and caused it to fire, it is highly unlikely that [he] was shooting at anyone." (Henry Mot. ¶ 6). In addition, Defendant points out that in the past eight years he has not been arrested for any crime.[3] As support for his assertion that he has strong ties to the community and will not flee, Defendant offers the names of local relatives who are willing to be third-party custodians, and the names of two potential employers.

## ANALYSIS AND DECISION

■ If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention. *See United States v. Salerno* 481 U.S. 739, 755, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987). Moreover, if a judicial officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). In order to determine whether there are conditions which would assure the safety of the community, the judicial officer should evaluate available information concerning (1) the nature and circumstances of the charged offense, including whether or not the offense is a crime of violence or involves narcotics; (2) the weight of the evidence against the accused; (3) the history and characteristics of the accused, including his/her employment, past conduct, criminal history and family ties; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

■ Defendant claims that he is not a danger to the community because he did not fire the handgun at anyone. The circumstances under which Defendant was arrested suggest otherwise. The undisputed evidence is that Defendant discharged a firearm, whether intentionally or unintentionally in a public place, while fleeing a law enforcement officer. Such behavior, if true, certainly shows at the least a disregard for the well-being of members of the community who may have been in the vicinity where the defendant was apprehended.

The weight of the evidence against Defendant is fairly strong. Not only was marijuana discovered on his person, but the gun that was fired bore Defendant's fingerprints.

Defendant's criminal history coupled with the offenses with which he is currently charged further suggest that he is a danger to society. In 1988, he was convicted of assault with a deadly weapon in Virginia; in 1987, he was convicted in the District of Columbia of assault with a deadly weapon; and in 1986, he was convicted of simple assault in the District of Columbia. Such actions suggest that Defendant is a violent offender who requires continued detention for the safety of society.

Finally, the nature of the charges against Defendant (possession of a firearm and ammunition by a convicted felon) is very serious. Congress has found that "felons in possession of firearms are a threat to the safety of society." 18 U.S.C. § 922(g). Moreover, "a felon ... who possesses a firearm in direct violation of this ban commits a continuing threatening act against society." *United States v. Washington,* 907 F.Supp.

---

2. Under § 3142 of Title 18, a person charged with an offense shall be temporarily detained pending trial if a judicial officer determines that the person might flee or pose a danger to any other person in the community. 18 U.S.C. § 3142(a)(3).

3. In actuality, Defendant has been "arrest free" for only three years. According to the pretrial services report, Defendant was incarcerated from April 1988 to April 1991. Defendant was released in April 1991 but violated the conditions for supervised release in February 1993 and was thus re-incarcerated until September 1993.

476, 481 (D.C.Cir.1995) (*citing to United States v. Sloan,* 820 F.Supp. 1133, 1138 (S.D.Ind.1993)).

Based on the above, the Court finds that Defendant poses a danger to society.[4] Accordingly, the Court will deny Defendant Henry's motion for release.

---

4. Because the Court finds that Defendant poses a threat to society, it need not address the second grounds for imposing pretrial detention, risk of flight.