UNITED STATES of America,

v.

**Stephen R. EPPS, Defendant.**

**No. CRIM.A. 97–0396 (JR).**

United States District Court,
District of Columbia.

Dec. 3, 1997.

Leutrell M.C. Osborne II, Assistant U.S. Attorney, Washington, DC, for U.S.

Tony W. Miles, Assistant Federal Public Defender, Washington, DC, for Defendant.

### MEMORANDUM ORDER

ROBERTSON, District Judge.

█ Defendant has been indicted on separate counts of possession by a felon of a pistol and ammunition in violation of 18 U.S.C. § 922(g). After a detention hearing held at the government's motion under the Bail Reform Act, 18 U.S.C. § 3142(f), Magistrate Judge Facciola found that there was no condition or combination of conditions that would reasonably assure the appearance of the defendant as required and the safety of any other person in the community and ordered the defendant detained pending trial. Defendant challenges that detention order on two grounds. First, he argues that the detention hearing should not have been held in the first place—that the charged violations of 18 U.S.C. § 922(g) are not charges of "crime[s] of violence" as defined by the Bail Reform Act, so that the legal premise of the detention order is faulty. Second, defendant urges that Judge Facciola's detention order should be vacated on its merits after a *de novo* review of the facts. The motion will be denied, for the reasons set forth in this memorandum.

The Bail Reform Act requires a judicial officer to order pretrial detention "[i]f, after a hearing pursuant to the provisions of subsection (f)" the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of a person as required and the safety of any other person and the community. A detention hearing under subsection (f) is to be held at the motion of the prosecution in a number of specified situations. The only one that could apply to the facts of this case is set forth in § 3142(f)(1)(A)—that this case "involves ... a crime of violence." Judge Friedman has concluded that the felon-in-possession offense is not a crime of violence within the meaning

of the Bail Reform Act, *United States v. Gloster,* 969 F.Supp. 92 (1997). Judges Hogan, Kollar–Kotelly and Sporkin have reached the opposite conclusion, *United States v. Washington,* 907 F.Supp. 476 (D.D.C.1995); *United States v. Anderson,* Crim. No. 97–329 (Sept. 6, 1997); *United States v. Henry,* 935 F.Supp. 24 (D.D.C. 1996). All of the judges of this court who have considered the question have agreed that a "categorical approach" should be employed at the threshold. Thus, they have all held, either felon-in-possession is a crime of violence or it is not, without regard to the factual circumstances of any particular weapon possession charge.

This "categorical" approach either permits or forbids a detention hearing in a felon-in-possession case where, say, an unloaded weapon is recovered from a shoebox in a closet during the execution of a search warrant in the apartment of a person who has been convicted of larceny. And it would compel the same result on the quite different facts presented in this case: police stopping a motor vehicle at 1:25 a.m. because of suspicious license tags, a defendant behaving nervously, the recovery of a loaded weapon (and a bottle of brandy) from beneath the defendant's seat, and a rap sheet showing that the defendant pleaded guilty in 1993 to assault with intent to kill after a melee in which five people were shot. Under the categorical approach, if a felon-in-possession charge will not serve as the premise for a detention hearing in the shoebox-in-the-closet case, then in the gun-under-the-seat case the judicial officer will have no warrant to explore the circumstances of the particular crime charged. Unless the United States Attorney has papered the case with a gratuitous additional charge (assault with a dangerous weapon, perhaps, or intent-to-frighten assault, *see Robinson v. United States,* 506 A.2d 572 (D.C.1986); *McGee v. United States,* 533 A.2d 1268 (D.C.1987)), the judicial officer will be required to release the defendant "subject to the least restrictive further ... combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required in

the safety of any other person in the community," as set forth in 18 U.S.C. § 3142(c)(1).

The term "crime of violence" is defined by 18 U.S.C. § 3156(a)(4). It means:

"(A) An offense that has [sic: as?] an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another; (B) Any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) Any felony under Chapter 109A or Chapter 110 . . . ."

Subsection (A) does not make felon-in-possession a "crime of violence," because the elements of the offense are (1) knowing possession of a firearm, (2) by a defendant who has been convicted of a felony, where (3) the firearm has been shipped or transported from one state to another. Subsection (C) is not applicable: Chapter 109A and Chapter 110 of Title 18 deal with sexual abuse and sexual exploitation and other abuse of children. Thus, it is only under subsection (B) of the definition that felon-in-possession could be found to be a "crime of violence."

But the application to subsection (B) of the "categorical approach" turns out to be something of a judicial Rorschach test. One judge finds that possession of a firearm by a felon is an offense which, by its nature, involves a substantial risk that physical force against the person or property of another may be used, because an individual is presumed to know the law, and is thus aware that possession of a firearm is illegal, evidencing a knowing and willful disregard for the prohibition placed upon him, and besides, "there is an increased risk that a criminally-inclined individual is more likely to use a firearm already in his possession to commit a crime." *U.S. v. Washington, supra,* 907 F.Supp. at 485, *citing United States v. Aiken,* 775 F.Supp. 855, 856 (D.Md.1991). That judge concludes that *"the contemplation of use implicit in a felon's possession* makes this violation a crime which by its nature presents a substantial risk that physical force may be used on another." *Id.* (emphasis added). Another judge, reaching the opposite conclu-

sion, believes that subsection (B) "requires more than the potential for the use of violence or physical force" and focuses on the requirement that the risk of the use of force be "in the course of committing the offense." *United States v. Gloster, supra,* 969 F.Supp. at 95. Because no violence "in fact need be used" in the course of committing the offense of "coming into possession of a weapon," and because a felon can violate § 922(g) "in a myriad of peaceful ways such as by buying, finding, or borrowing a gun, or even storing a firearm in a closet or under the bed," and because such acts do not involve a substantial risk of physical force, the other judge—believing himself constrained by the "categorical approach" to conclude either that felon-in-possession is a crime of violence or that it is not, *id.* at 94—finds that it is not.

My conclusion is that the "categorical approach" does not serve the purposes of the Bail Reform Act and is not required by it. The apparent origin of its use in the cited decisions of the other judges of this Court is the Supreme Court's decision in *Taylor v. U.S.,* 495 U.S. 575, 582, 110 S.Ct. 2143, 2150, 109 L.Ed.2d 607 (1990), requiring a categorical approach in the application of 18 U.S.C. § 924(e), which provides for sentence enhancement when the defendant has committed a "violent felony." That statute has its own definition of "violent felony," however, and the Supreme Court's holding that the definition requires a categorical approach, 495 U.S. at 588, 110 S.Ct. at 2152–53, does not apply by its terms or its reasoning to the Bail Reform Act.

The statutory question that is posed by the Bail Reform Act, whether the charged offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," permits and even invites case-by-case determination. Note that the Bail Reform Act requires that a decision be made whether or not to detain a defendant pending trial. That decision is mandated, not by 18 U.S.C. § 3142(f), but by § 3141(a). *See U.S. v. Salerno,* 481 U.S. 739, 740, 107 S.Ct. 2095, 2097–98, 95 L.Ed.2d 697 (1987). *The judicial officer has to hold a hearing anyway.* The only question is what the permissible outcome of the hearing is to be. After a hearing, the shoebox-in-the-clos-

et charge would presumably be found *not* to be a charge of a crime of violence supporting a detention finding. The loaded weapon under the seat, however, considered in conjunction with a bottle of brandy, suspicious license plates and an attempt to flee by a previously violent felon, could be.

It does no violence to the Bail Reform Act, or to the Due Process Clause or the Eighth Amendment, *see Salerno, supra,* to conclude as I do that it is appropriate for a judicial officer, *after considering the nature of the charge presented in a specific case,* to decide whether the offense charged "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In this case, although the Magistrate Judge of course made no finding to the effect that the two counts of felon-in-possession brought against this defendant are "crime[s] of violence," the Court's *de novo* review of the record, including the testimony of the arresting officer, establishes that they are. It is also clear upon a review of the entire record, the defendant having provided no evidence or even argument to support a finding that there was any condition or combination of conditions that would reasonably assure his appearance as required or the safety of any other person in the community, that the detention order issued by the Magistrate Judge was correct.