**UNITED STATES of America, Plaintiff,**

v.

**Kaleath Earl HARDON, Defendant.**

**No. 1:97–CR–126.**

United States District Court,
W.D. Michigan,
Southern Division.

May 20, 1998.

Brian K. Delaney, Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for U.S.

Paul J. Denenfeld, Asst. Fed. Defender, Federal Public Defenders, Grand Rapids, MI, for Kaleath Earl Hardon.

## OPINION

ROBERT HOLMES BELL, District Judge.

This matter comes before the Court on Defendant Kaleath Earl Hardon's motion for revocation of detention order.

Defendant was indicted on separate counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). The government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f) on the basis that Defendant Hardon had been charged with a crime of violence.[1] At the detention hearing on March 25, 1998, Magistrate Judge Brenneman held, over Defendant's objection, that possession of a firearm by a felon is a crime of violence. He further found that there was no condition or combination of conditions of release that would reasonably assure the appearance of the defendant and the safety of other persons and the communi-ty, and accordingly entered an order of detention.

In this motion for revocation of detention order Defendant Hardon contends that he is challenging one discrete issue of law: whether either of the charged crimes of felon in possession of a firearm or felon in possession of ammunition constitutes a crime of violence under the Bail Reform Act, thereby providing grounds for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(A).

■ Courts are split on the issue of how to determine whether a specific crime is a "crime of violence." The split comes in the determination of whether to decide the issue on a case-by-case approach or by applying a categorical approach, and if a categorical approach is adopted, whether a felon in possession charge is categorically a crime of violence or not.

Magistrate Judge Brenneman's ruling in this case, consistent with practice of the magistrate judges in this district, was to apply the categorical approach, and to hold that felon-in-possession is a crime of violence. Defendant Hardon agrees with application of the categorical approach, but contends that felon-in-possession is not a crime of violence. The government, on the other hand, contends that the best reasoned decision on the issue is *United States v. Epps,* 987 F.Supp. 22, 24 (D.D.C.1997), and that in accordance with *Epps* the Court should apply the case-by-case approach. The government argues in the alternative that even under the categorical approach, felon-in-possession is a crime that involves a substantial risk that the previously convicted felon will use the weapon against the person or property of another, and thus meets the threshold requirement for a detention hearing.

Under the case-by-case approach the court may consider the specific conduct of the defendant in committing the charged offense to determine whether there was a substantial risk of physical harm. *See, e.g., United States v. Epps,* 987 F.Supp. 22, 24 (D.D.C. 1997)[2]; *United States v. Sloan,* 820 F.Supp.

---

1. A detention hearing is authorized under 18 U.S.C. § 3142(f) in six enumerated instances, one of which is a case involving a crime of violence.

2. In *United States v. Epps,* 987 F.Supp. 22 (D.D.C.1997), Judge Robertson, while recognizing that all of the judges of his court who had considered the question had agreed that a "cate-

1133, 1136 (S.D.Ind.1993). In light of the evidence produced at the detention hearing to the effect that Defendant used a firearm in the course of a robbery and a sexual assault, and that he had been involved in two other gas station robberies, there is no question that the evidence was sufficient, under the case-by-case approach, to find that the case against Defendant involved a crime of violence.

Most courts, however, favor applying the categorical approach to measure whether an offense is a "crime of violence" for purposes of the Bail Reform Act. *United States v. Carter*, 996 F.Supp. 260, (W.D.N.Y.1998). Under the categorical approach the court looks only to the statutory definition of the offense itself and not to the specific circumstances under which the alleged offense was committed. *See, e.g., United States v. Carter*, 996 F.Supp. 260, (W.D.N.Y.1998); *United States v. Gloster*, 969 F.Supp. 92, 94 (D.D.C.1997).

Application of the categorical approach is more consistent with the Bail reform Act. "Crime of violence" is defined in the Bail Reform Act as follows:

(4) the term "crime of violence" means—

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 109(A) [sexual abuse] or chapter 110 [sexual exploitation and other abuse of children].

18 U.S.C. § 3156(a)(4).

The definition of "crime of violence" focuses on the crime charged, rather than on the facts underlying that charge, and calls for a categorical approach to the issue of whether a charged crime is a crime of violence. Under the categorical approach, the court can determine whether a detention hearing is authorized on the basis of the indictment alone. The categorical approach eliminates the need for a preliminary hearing on the facts of the underlying charge to determine whether or not there is a crime of violence which would justify holding a detention hearing.

■ The Court's responsibility, under the categorical approach, is to determine whether felon-in-possession is a crime of violence. There is no dispute that the charge of felon-in-possession under 18 U.S.C. § 922(g) does not have, as an element of the offense, the use, attempted use, or threatened use of physical force. Nor is it a felony involving sexual abuse or exploitation. Accordingly, neither subsection A nor C is relevant to this Court's analysis. Instead, this Court must determine whether, under subsection B, crime of felon in possession, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 3156(a)(4)(B).

There is a split of authority on whether or not felon-in-possession is a crime of violence. Neither the Sixth Circuit nor any other circuit court has addressed this issue.

A number of district courts within the Sixth Circuit, however, have concluded that the offense of being a felon in possession by its nature poses a substantial risk that physical force will be used against person or property, and that it is accordingly a crime of violence which satisfies one of the predicate conditions for a pretrial detention hearing under the Bail Reform Act. *See, e.g., United States v. Butler*, 165 F.R.D. 68 (N.D.Ohio 1996); *United States v. Johnson*, 704 F.Supp. 1398 (E.D.Mich.1988); *United States v. Jones*, 651 F.Supp. 1309 (E.D.Mich.1987), *rev'd on other grounds*, 846 F.2d 358 (6th Cir.1988).

In *Jones*, the court concluded that the offense of being a felon in possession is a

gorical approach" should be employed at the threshold, nevertheless determined that "[t]he statutory question that is posed by the Bail Reform Act, whether the charged offense 'by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense,' permits and even invites case-by-case determination." *Id.* at 24.

crime of violence for the following reasons: 1) felons are more likely to use guns in an irresponsible manner; 2) felons know the law forbids them from possessing firearms, so their acts of possessing weapons illustrate knowing disregard for legal obligations; 3) felons are more likely to commit crimes, so their possession of guns compounds the likelihood that their criminal activity will be accompanied by use of firearms; and 4) the illegal possession of firearms is an on-going process, so the risk it entails is a continuing risk, not measured solely as of the moment of discovery and arrest. 651 F.Supp. at 1310. *See also United States v. Washington,* 907 F.Supp. 476, 485 (D.D.C.1995) ("the contemplation of use implicit in a felon's possession makes this violation a crime which by its nature presents a substantial risk that physical force may be used on another."); *United States v. Sloan,* 820 F.Supp. 1133, 1138–39 (S.D.Ind.1993) ("A felon ... who possesses a firearm in direct violation of this ban commits a continuing threatening act against society and has already demonstrated the inability of specific legal proscriptions to prevent him from breaking the law."). *See generally, United States v. O'Neal,* 937 F.2d 1369, 1375 (9th Cir.1990) ("The history of the firearm laws reveals the strong congressional conviction that an armed felon poses a substantial threat to all members of society.").

Defendant Hardon requests this Court to follow the lead of several decisions which have construed similar "crime of violence" language in other federal statutes and the sentencing guidelines to exclude felon in possession offenses.

In *United States v. Doe,* 960 F.2d 221 (1st cir.1992), the First circuit held that the crime of felon-in-possession is not a "violent felony" for purposes of sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Similarly, the United States Sentencing Guidelines define the term "crime of violence" for purposes of establishing career offender status, as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2. The Application Notes, which are binding on the federal

courts, *Stinson v. United States,* 508 U.S. 36, 47, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), provide that "crime of violence" "does not include the offense of unlawful possession of a firearm by a felon."

Those courts which have held that § 992(g) is not a crime of violence for purposes of the Bail Reform Act, have generally relied on the fact that § 922(g) is not treated as a crime of violence in the sentencing context. *See Gloster,* 969 F.Supp. at 97; *United States v. Powell,* 813 F.Supp. 903 (D.Mass.1992).

Although the definition of crime of violence under the Sentencing Guidelines Career Offender provision and the Armed Career Criminal Act is similar to the definition under the Bail Reform Act, the language is not identical, and the significantly different context of a pretrial detention determination from a sentencing enhancement context calls for interpreting the Bail Reform Act in accord with the different interest and purposes intended to be served by the release/detention determination. *Sloan,* 820 F.Supp. at 1138. *Accord, Washington,* 907 F.Supp. at 484–85. *See also, Johnson,* 704 F.Supp. 1398 (E.D.Mich.1988) (felon-in-possession as crime of violence holding in *Jones* reaffirmed despite language to the contrary found in application note to U.S.S.G. § 4B1.2.).

This Court concludes that a felon-in-possession offense is a crime of violence for purposes of the Bail Reform Act. The cases which have so held are better reasoned and are truer to the legislative history of the Bail Reform Act. Accordingly, the Court affirms the Magistrate Judge's determination that he had authority under the Bail Reform Act, 18 U.S.C. § 3142(f)(1)(A) to conduct a detention hearing to determine whether any condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of others. This holding does not mean that any one charged as a felon-in-possession will be detained. The only issue that is controlled by this Court's determination that felon-in-possession is a crime of violence for purposes of the Bail Reform Act, is that a detention hearing is authorized. The detention hearing itself will focus on the facts of the underlying case and will sort out "the convicted terrorist in possession of a

submachine gun" from "the antitrust bidrigger in possession of a sporting rifle convicted of conspiracy or mail fraud." *See Gloster*, 969 F.Supp. at 98.

For the foregoing reasons, Defendant's motion for revocation of detention order will be denied. An order consistent with this opinion shall be entered.

## ORDER

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that Defendant Kaleath Earl Hardon's motion for revocation of detention order (Docket #13) is **DENIED.**