**UNITED STATES of America,**

v.

**LaCroix FLOYD, Defendant.**

**No. Crim.A. 98–0212 (RCL).**

United States District Court,
District of Columbia.

July 7, 1998.

Nancy Jackson, Asst. U.S. Atty., U.S. Attorney's Office, Washington, DC, for Plaintiff.

David Howard, AFPC, Office of Federal Public Defender, Washington, DC, for Defendant.

---

### MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter came before the court on June 30, 1998, on defendant's oral motion to revoke the magistrate's order of detention pending trial. Upon consideration of the relevant law and the factual proffers and arguments of counsel at the hearing, defendant's motion is denied for the reasons set forth below.

## I.  BACKGROUND

On May 21, 1998, Lieutenant Robert Kass of the United States Park Police was on patrol when he heard a broadcast of a description of persons who had assaulted a guard at the Museum of American History. Kass saw defendant and another man near the museum and believed that defendant matched the description from the broadcast. When the officer asked the two men to approach him, defendant first walked, then ran away throwing both his hat and another object to the ground. Defendant was then apprehended by other Park Police officers. Lieutenant Kass returned to the area where the objects were thrown, and discovered that the second object was a loaded gun.  At the time of his arrest, defendant also had in his possession a plastic bag with rocks of what appeared to be cocaine base.

After a detention hearing conducted before Magistrate Judge Facciola on May 27, 1998, defendant was ordered held without bond based upon the judge's finding of "clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community."  Defendant challenges this detention order on two grounds.  First, he contends that simple possession of a firearm is not a "crime of violence" and therefore not a basis for pretrial detention under the Bail Reform Act. Second, defendant asks this court to exercise its *de novo* power of review of the record and conclude that even if pretrial detention is a possibility, it is not warranted on the facts presented.

## II.  ANALYSIS

A.  Possession of a Firearm by a Felon Under 18 U.S.C. § 922(g)(1) is a Crime of Violence for Purposes of the Bail Reform Act.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, a judicial officer is

directed to conduct a detention hearing an motion by the Government in a case that involves, *inter alia*, a crime of violence. The term 'crime of violence' is defined as an offense that "is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense;" 18 U.S.C. § 3156(a)(4)(B).[1] At least one judge in this district has concluded that the mere possession of a firearm by a convicted felon, without more, does not constitute a "crime of violence" under the Bail Reform Act. *See United States v. Gloster,* 969 F.Supp. 92 (D.D.C.1997) (Friedman, J.). Another judge has rejected a "categorical approach" to this question, preferring instead a case-by-case determination. *See United States v. Epps,* 987 F.Supp. 22, 24 (D.D.C.1997) (Robertson, J.) However, this court chooses to follow the approach of Judges Hogan and Kollar–Kotelly, holding that possession of a firearm by a felon is a "crime of violence" for purposes of the Bail Reform Act. *See United States v. Washington,* 907 F.Supp. 476 (D.D.C.1995) (Hogan, J.); *United States v. Anderson,* Crim. No. 97–329 (D.D.C. September 6, 1997) (Kollar–Kotelly, J.). As Judge Hogan noted in *Washington,*

> Ultimately, this court finds that possession by a felon of a firearm is an offense which, by its nature, involves a substantial risk that physical force against the person or property of another may be used. *See* 18 U.S.C. § 3156(a)(4)(A). An individual is presumed to know the law. Thus, when a felon chooses to possess a firearm, it must be presumed that he does so in conscious disregard of the law. A felon in possession of a firearm is aware that such activity is illegal, so his act of possessing weapons illustrates a knowing and willful disregard for the prohibition placed upon him.
>
> Moreover, this court, like others before it, is concerned that there is an increased risk that a criminally-inclined individual is more likely to use a firearm already in his possession to commit a crime. *United States v. Aiken,* 775 F.Supp. 855, 856 (D.Md.1991) "It follows that persons who violate the

statute [§ 922(g) ] are often persons who have little regard for the law and many such persons may fairly be classified as outlaws." *United States v. Jones,* 651 F.Supp. 1309, 1310 (E.D.Mich.1987).

*Washington,* 907 F.Supp. at 485. Based on this reasoning, this court concurs that possession of a firearm by a convicted felon is a "crime of violence" warranting a § 3142(f) pretrial detention hearing.

**B. The Pretrial Detention Factors Dictate that Detention is Warranted**

Pursuant to 18 U.S.C. § 3142(g), in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a reviewing court is directed to consider four factors.

**1. The Nature and the Circumstances of the Offense Charged**

■ Defendant is charged with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and simple possession of a controlled substance(cocaine base) in violation of 21 U.S.C. § 844(a). As noted above, possession of a loaded firearm by a convicted felon is a crime of violence that presents a danger to the community. *See also United States v. Henry,* 935 F.Supp. 24 (D.D.C.1996)

While not conceding that he did, in fact, possess the gun, defendant notes that under the facts as alleged by Lieutenant Kass at the initial detention hearing, defendant threw the gun away at the time he was fleeing from the officer. Defendant claims that this demonstrates that he has no propensity for violence. He also notes that he neither pointed the gun at anyone nor engaged in any other behavior that even approached the level of an assault.

The court agrees with the government's characterization of these events: that merely disposing of a gun while fleeing from an officer demonstrates little more than an awareness of the consequences of being ap-

---

**1.** There are two other definitions of "crime of violence" that are not relevant based upon the

facts of this case. *See* 18 U.S.C. § 3156(a)(4)(A), (C).

prehended with that weapon on one's person. The fact that the gun was loaded is not without consequence, as a loaded weapon is much closer on the chain of causation toward tragedy than an unloaded one. The court also finds the setting of this incident—a school function—to be especially troubling. Finally, the indictment alleges that defendant was in possession of narcotics at the time of his arrest, and the connection between drugs, guns and resultant violence is well-established. Therefore, the court finds that the nature and circumstances of the offense militate in favor of detention.

### 2. The Weight of the Evidence Against the Person

A grand jury indictment filed on June 16, 1998 has already found probable cause that defendant possessed a firearm, ammunition and crack cocaine. The grand jury's indictment, "fair upon its face," furnishes probable cause to believe that defendant committed the acts. *See United States v. Mosuro,* 648 F.Supp. 316, 318 (D.D.C.1986) (quoting *Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and various courts of appeals).

In addition to the findings of the grand jury, Lieutenant Kass, the eyewitness to the incident, stated at the initial detention hearing that he saw the defendant throw the gun to the ground. That officer also testified that defendant confessed to another police officer that the gun was belonged to defendant. The combination of the indictment, the eyewitness testimony of the police officer, and a potential confession directs this court to conclude that there is clear and convincing evidence that the defendant possessed the weapon and drugs as charged.

### 3. The History and Characteristics of the Person

Defense counsel proffers that defendant "has turned his life around." He notes that defendant is currently in school, states that he has all A's, and that his record was so outstanding that his teacher permitted him to graduate despite the fact that this arrest prevented the completion of his course of study. Defendant has been accepted at Lincoln University and plans to attend in the fall, presuming that the disposition of this matter does not interfere with his matriculation.

While sympathetic that defendant is in the process of turning his life around, in order to make its detention determination this court must consider that which he is turning away from. According to the Pretrial Services Report, defendant has two prior convictions in Superior Court, one for attempted possession with intent to distribute cocaine, and one for unlawful possession of an unregistered weapon and unlawful possession of ammunition.

Most significantly, under 18 U.S.C. § 3142(g)(3)(B), a court is supposed to give special consideration to whether at the time of the charged offense the defendant was on probation, parole, or other release for another offense. In this case, defendant was on probation at the time of his arrest in connection with the earlier narcotics conviction, and that narcotics offense transpired while he was on release for the first firearms charge. As Judge Facciola aptly noted in his detention memorandum, "Clearly, the contempt defendant showed for the conditions of his probation on two occasions renders it highly unlikely that he would comply with the conditions to be imposed if he were released in this matter, including the central condition that he commit no new offense." The defendant's conduct while on probation strongly militates against pretrial release, as he has demonstrated a disturbing propensity for failing to comply with the conditions that a court of law places upon him.

### 4. The Nature and Seriousness of the Danger to Any Person in the Community.

The court finds that defendant's release would pose a danger to persons in the community. In light of the fact that the alleged offense is possession of a weapon by a convicted felon, that the defendant was on probation at the time, that he was at a school function, and the defendant was in possession of crack cocaine, this court finds that no conditions of release will guarantee the safety of other persons and the community.

This court is not unmindful of the fact that this incident could potentially derail defendant's college plans. Cognizant of that fact, the court has scheduled his trial for August 18, 1998, and should defendant be acquitted, his desire to pursue a college should not be impeded.

Accordingly, it is hereby ORDERED that:

1. Defendant's oral motion to revoke the pretrial detention order issued by United States Magistrate Judge Facciola is hereby DENIED, and defendant will remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.