UNITED STATES of America

v.

Jason Jerimiah CHAPPELLE,
Defendant.

No. 2:99CR18.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 26, 1999.

James A. Metcalfe, Assistant U.S. Attorney, U.S. Attorney's Office, Norfolk, VA, for U.S.

Bruce C. Sams, Sams & Hawkins, P.C., Norfolk, VA, for defendant.

## ORDER

PRINCE, United States Magistrate Judge.

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f) (1999), the Court held a hearing on the United States Government's Motion to Detain the defendant. After hearing arguments and proffers from both counsel and reviewing the applicable authorities, the Court FINDS: 1) the charge of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), constitutes a "crime of violence," thereby warranting a detention hearing; 2) that charge, however, does not trigger a presumption of detainability; and 3) the Government established by clear and convincing evidence that no conditions or combination thereof would reasonably assure the defendant's appearance as required and the safety of the community.

On February 18, 1999, a federal grand jury issued an indictment charging the defendant as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the detention hearing, the

Government argued, at bottom, that this charge constitutes a "crime of violence" within the meaning of 18 U.S.C. § 3142(e) and (f)(1)(A), and that, therefore, the defendant must overcome a rebuttable presumption of detention. The Court partly agrees and partly disagrees.

Generally, a person charged with a federal offense is entitled to pretrial release. The courts, however, have jurisdiction to entertain the Government's motion to have a person detained pending his criminal trial if the case involves: (1) a "crime of violence"; (2) an offense that carries a sentence of life imprisonment or death; (3) a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* that prescribes a maximum term of imprisonment of ten years or more; (4) any felony and the person has previously been convicted of a crime of violence or a violation of the Controlled Substances Act, as described *supra;* (5) a serious risk that the person will flee; or (6) a serious risk that the person will obstruct justice, threaten, intimidate or injure prospective witnesses or jurors, or attempt to do as such. 18 U.S.C. § 3142(f)(1)(A)–(D) and (2)(A)–(B).

■ As noted, the Government maintains that the defendant's alleged firearm offense, 18 U.S.C. § 922(g), constitutes a "crime of violence," the first situation enumerated above. For purposes of detention, section 3156(a)(4) defines a crime of violence as:

> (A) an offense that has [as] an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 109A or chapter 110.

18 U.S.C. § 3156(a)(4). The courts have split over whether this definition comprises the charge of being a felon in possession of a firearm, 18 U.S.C. § 922(g), but this Court agrees with the authorities holding that it does. *See, e.g., Campbell,* 28 F.Supp.2d at 809; *United States v. Floyd,* 11 F.Supp.2d 39, 40 (D.D.C.1998); *United States v. Washington,* 907 F.Supp. 476, 485 (D.D.C.); *United States v. Aiken,* 775 F.Supp. 855, 856 (D.Md.1991); *United States v. Johnson,* 704 F.Supp. 1398, 1403 (E.D.Mich.1988); *United States v. Jones,* 651 F.Supp. 1309, 1310 (E.D.Mich.1987).

In this Court's view, these decisions offer many persuasive reasons for finding as such. First, they have noted that the "history of the firearm laws reveals the strong congressional conviction that an armed felon poses a substantial threat to all members of society." *Campbell,* 28 F.Supp.2d at 808 (quoting *United States v. O'Neal,* 937 F.2d 1369, 1375 (9th Cir.1990)). Further, many have reasoned that felons who possess firearms presumably do so with the knowledge that they cannot, that their previous criminal history makes them more likely to use that weapon, and that they possessed the weapon to begin with in contemplation of using it at some point. *Id.,* at 809; *Floyd,* 11 F.Supp.2d at 40; *Washington,* 907 F.Supp. at 485; *Aiken,* 775 F.Supp. at 856–57; *Johnson,* 704 F.Supp. at 1401; *Jones,* 651 F.Supp. at 1310.

Therefore, because this charge involves persons with a greater inclination towards physical violence or lawlessness, and because detention or release at the pretrial stage—unlike the sentencing stage—involves a "greater and more immediate" risk to the community, the Court agrees that a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(A) or (B) applies to those charged as a felon in possession of a firearm. *See id.* And since "[t]reating all defendants charged with a certain offense in the same manner avoids the risk of ad hoc justice or arbitrary distinctions," *Campbell,* 28 F.Supp.2d at 807, the Court also favors the categorical approach that makes every such charge a "crime of vio-

lence," as opposed to a case by case approach that examines the individual facts underlying each charge. *See also Aiken,* 775 F.Supp. at 856 (indicating belief that Fourth Circuit would only examine "the intrinsic nature of the offenses and not the actual conduct of the individual"); *Johnson,* 704 F.Supp. at 1400, 1403 (finding that "Congress intended courts to look to the nature of the offense, rather than to the facts of each individual commission of the offense").

Having found that 18 U.S.C. § 922(g) constitutes a "crime of violence" for purposes of detention, the Court must also find that it has jurisdiction to hear the Government's Motion to Detain the defendant. That does not mean, however, that this charge also triggers a rebuttable presumption of detention.

In moving for detention, the Government generally has the burden of establishing that no conditions or combination thereof can assure the defendant's appearance as required or that the defendant poses a danger to the community. *See generally* 18 U.S.C. § 3142(f); *Campbell,* 28 F.Supp.2d at 810. Certain charges or situations, however, will trigger a rebuttable presumption of detention, such that the defendant—not the Government—must affirmatively demonstrate that conditions or a combination thereof exist that can ensure the safety of the community. *See* 18 U.S.C. § 3142(e).

Accordingly, a rebuttable presumption of detention will lie when: (1) the defendant has been convicted for committing a crime of violence or a violation of the Controlled Substances Act while previously on pretrial release, and not more than five years has elapsed since that conviction; (2) probable cause exists to believe that the defendant committed an offense that involves a violation of the Controlled Substances Act and carries a maximum term of imprisonment of ten years or more; (3) probable cause exists to believe that the defendant possessed a firearm during the commission of a crime of vio-

lence or drug trafficking crime, in violation of 18 U.S.C. § 924(c); or (4) probable cause exists to believe the defendant committed an act of terrorism, as proscribed by 18 U.S.C. § 2332b. *See* 18 U.S.C. § 3142(e).

None of these four situations include a person who is merely charged, rather than previously convicted, under 18 U.S.C. § 922(g) as a felon in possession of a firearm. *See id.* Additionally, the cases the Government cites in support of its position only discuss a "crime of violence" in this context to determine if "the Government properly moved for detention"; they do not say that a presumption of detention arises because of this charge, and, indeed, they all subsequently discussed whether the Government met its burden of showing the need for pretrial detention. *See, e.g., Campbell,* 28 F.Supp.2d at 810–11; *Floyd,* 11 F.Supp.2d at 40 ("possession of a firearm by a convicted felon is a 'crime of violence' warranting a § 3142(f) pretrial detention hearing"); *Washington,* 907 F.Supp. at 480–81, 485–86 ("felon in possession of a firearm is a crime of violence" that warrants "a pre-trial detention hearing"); *Johnson,* 704 F.Supp. at 1403; *Jones,* 651 F.Supp. at 1310 (felon in possession of firearm charge satisfies "predicate condition to conducting a detention hearing"). Therefore, the Court concludes that while a charge under 18 U.S.C. § 922(g) enables the Government to move for detention, it does not create a rebuttable presumption that the defendant must overcome. *See id.*

Lastly, the Court nevertheless finds that the Government did meet its burden of proof here. In determining whether conditions exist that can reasonably assure that the defendant will neither flee nor jeopardize the safety of the community, courts must assess:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The Government and the defendant may establish the absence or existence of these factors through testimony, or "by proffer or otherwise," *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir.1989), and while courts must strictly adhere to the procedures set forth in section 3142, they should also apply them "with common sense." *Id.* at 1437 (citing *United States v. Malekzadeh*, 789 F.2d 850, 852 (11th Cir.1986)).

■ Applying these principles, the Court does find that the defendant poses both a risk of nonappearance and a danger to the community. First, for the reasons discussed earlier, the defendant's charge here does involve a "crime of violence." *See* 18 U.S.C. § 3142(g)(1). And that label seems particularly appropriate in this case because, as the Government's proffer and the Pretrial Services Report show, the defendant has a lengthy criminal history. *See* 18 U.S.C. § 3142(g)(3)(A). At the age of 21, he has already compiled convictions for larceny (twice), grand larceny (twice), burglary, felony possession of marijuana (twice), possession of a concealed weapon, and criminal trespass. *See id.*

In addition, as some of these convictions intimate and the Pretrial Services Report confirms, the defendant also uses illegal drugs, which, of course, adds to the Court's concerns. *See id.* The defendant, moreover, was already on supervised release when he allegedly committed this latest offense, making him an even greater candidate for pretrial detention. *See* 18 U.S.C. § 3142(g)(3)(B).

Lastly, while the defendant has apparently spent his entire life in this community, he also provided conflicting information concerning his residence and living arrangements. As discussed at the hearing, the defendant told the Pretrial Services Officer that, before his incarceration in state court, he lived with his father; but his father said the defendant had not lived with him. His father also indicated that he could provide neither a bond for the defendant's release nor a place to stay if the Court released him, and it became apparent at the hearing that the defendant would have no residence if released. *See* 18 U.S.C. § 3142(g)(3)(A).

Based upon the nature of the offense, the defendant's criminal history, his use of illicit drugs, his failure to abide by the terms of a prior release, and the confusion resulting from his residence, the Court FINDS that no condition or combination of conditions can assure the defendant's appearance at his trial, requiring his detention pending that trial. The Government has met its burden of showing that the defendant poses a serious risk of flight, and, alternatively, that he poses a danger to the community. *See* 18 U.S.C. § 3142(e) and (f); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir.1991); *United States v. Araneda*, 899 F.2d 368, 370 (5th Cir.1990); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir.1987); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court ORDERS the defendant DETAINED and committed to the custody of the Attorney General or her

designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.