**UNITED STATES of America**

v.

**Tom Lusuli MALENYA, Defendant.**

**Magistrate No. 12–0070M–01 DAR.**

United States District Court, District of Columbia.

Feb. 4, 2012.

Jonathan Jeffress, Federal Public Defender, Washington, DC, for Defendant.

*MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENTION*

DEBORAH A. ROBINSON, United States Magistrate Judge.

### I. INTRODUCTION

Defendant is charged by amended criminal complaint with use of a facility of interstate commerce to knowingly attempt to persuade, induce, entice, or coerce an individual under the age of eighteen to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). The undersigned conducted a consolidated preliminary hearing detention hearing commencing on January 31, 2012 and concluding on February 2, 2012.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the undersigned found probable cause, and ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). *See also United States v. Henry,* 935 F.Supp. 24, 25 (D.D.C.1996) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.") (citation omitted).

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *United States v. Anderson,* 382 F.Supp.2d 13, 14 (D.D.C.2005) (Bail

Reform Act provides for pretrial detention "if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.") (citations omitted).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under Section 2422 of Title 18. *See* 18 U.S.C. § 3142(e).

### III. DISCUSSION

■ The evidence adduced at the consolidated preliminary hearing and detention hearing is fairly summarized in the Amended Statement of Facts in support of the Amended Criminal Complaint (Document No. 2–1), Government's Exhibits 1, 2, 3 and 4, and Defendant's Exhibit 1, all of which are incorporated herein by reference. In this action—unlike any prosecution for a violation of Section 2422(b) over which the undersigned had presided—the victim is an actual 14–year old boy, rather than a so-called "virtual child" who was merely the topic of discussion between a law enforcement officer and a suspect. *See* Amended Statement of Facts at 1, ¶ 1 [unnumbered]. For purposes of the preliminary hearing, counsel for the government conceded that the victim responded to Defendant's "Top hosting horny bottom—34" posting on Craigslist, and, at that time, described himself as a "a bottom who is 18 and … a black twink[.]" *See* Defendant's Exhibit 1. For purposes of the preliminary hearing, Defendant conceded that he was later told by a law enforcement officer—who ultimately assumed the victim's identity during their email exchanges—that "[I'm] … 14" and in "[9th] grade[.]"

The parties vigorously argued probable cause, and the undersigned continued the hearing in order to review the authorities on which counsel relied. For purposes of the preliminary hearing, Defendant suggested that the evidence offered by the government could well be deemed to warrant an inference that Defendant (1) had the intent to conceal his further sexual activity with the victim, and (2) engaged in activity violative of Maryland Code, Criminal Law § 3–307(a)(4), which makes it an offense to "engage in a sexual act with another if the victim is 14 or 15 years old, and the person performing the act is at least 21 years old[.]"

Upon consideration of the cited authorities, in the context of the evidence adduced at the hearing, the undersigned found probable cause.

In opposition to the government's request for pretrial detention, Defendant, through his counsel, proffered that he has a college education; is a member of the United States Army, and has been for four years; has the support of friends and colleagues, a number of whom were in court for the proceedings; serves in the Army as

a nurse who provides care and treatment to injured veterans; is studying for an advanced nursing degree; has "no history of this kind of thing"; was "honest" when he was interviewed by law enforcement officers after his arrest, and can return to the apartment at which he had been residing. Defendant further proffered that the government had offered no evidence that Defendant possessed pornography, or that he had any "sexual attraction to children." Finally, Defendant proffered that "the Army provides another layer of protection" with respect to pretrial supervision.

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Bail Reform Act, the undersigned finds, by clear and convincing evidence, that no condition of release or combination of conditions will reasonably assure the safety of the community.

First, the undersigned observes that the offense charged is a crime of violence. More specifically, the undersigned finds that the victim was an actual 14–year old boy. While the victim said, at the time he responded to Defendant's Craigslist posting, that he was 18, Defendant continued his efforts to persuade, induce and entice the victim to have further sexual activity after being told the victim's true age. Government's Exhibit 3, entries 667–704; *see also* Amended Statement of Facts at 2.

Second, the undersigned finds that the weight of the evidence is overwhelming. Defendant concedes that the evidence warrants the inference, among others, that the conduct alleged by the government violates the Maryland statute which makes it a felony to "engage in a sexual act with another if the victim is 14 or 15 years old, and the person performing the act is at least 21 years old"; however, the mere coincidence that the conduct underlying an alleged federal offense is also violative a state statute renders the evidence with respect to the federal offense no less compelling.

Third, the undersigned finds that the evidence with respect to Defendant's history and characteristics militates against pretrial release. In making this finding, the undersigned has taken into account Defendant's absence of a criminal record, his extensive community ties, and his service to the United States; indeed, the undersigned finds that these considerations arguably are sufficient to rebut the applicable presumption of fugitivity. However, the undersigned finds that these considerations are outweighed by the evidence with respect to Defendant's course of conduct after he learned the victim's true age.

Finally, the undersigned finds that the danger to the community which would be posed by Defendant's release cannot be gainsaid. The undersigned recognizes that the evidence adduced at the hearing may support an inference that when the victim first responded to Defendant's Craigslist posting, Defendant believed that he was communicating, and engaging sexually, with a consenting adult. Defendant's Exhibit 1; *but see* Amended Statement of Facts at 1, ¶¶ 3–4 [unnumbered] (victim "noted that he was 'about to get a monthly student pass' for the Metro[ ]"; victim "was wearing his school uniform, which consisted of a regular polo shirt, khaki pants and sneakers[ ]" when he went to Defendant's apartment). However, Defendant appears to have been undeterred by the news that the person he had engaged sexually, and with whom he was preparing to do so again, was in fact a minor. The undersigned further finds that the evidence proffered by Defendant is insufficient to rebut the applicable presumption of dangerousness. *See United States v. Alatishe*, 768 F.2d 364, 371 (D.C.Cir.1985).

## V. CONCLUSION

On the basis of the foregoing findings of facts and reasons, Defendant will be held without bond pursuant to the February 2, 2012 Order of Detention.